### 30259. EVANS v. THE STATE.

HILL, Justice.

Moses Evans appeals from a conviction and sentence of twenty years for rape, fifteen years in prison and five years on probation.

1. Appellant contends that the trial court erred in overruling his motion to suppress evidence and in admitting certain items into evidence. The alleged rape victim called the police about seven a.m. on the morning of January 25, 1975, to report that she awoke about two that morning with a man in her home. He threatened to kill her if she screamed, and he placed a knife in her mouth and raped her. He then fled out the back door. She ran to her mother's house nearby and stayed there until daylight. The police in conducting their investigation brought two men to the victim's home: the appellant, who lived within 100 yards of the alleged victim's house and who reportedly had come in late that night, and another man whose name the victim had given to police. Earlier she had identified the other man but then definitely identified the voice of the appellant as that of the man in her house. The sheriff and policeman took the appellant

back to his house to get his coat. They arrested him, advised him of his rights and searched him. They found the victim's watch, billford, and distinctive coins (a New York transit token and a Canadian dime) in his pockets but at that time they thought they belonged to the appellant and so they returned the items to him. Later they learned the items belonged to the victim.

The appellant argues that the identification of his voice was illegal since he did not have an attorney present. At the time of the voice identification he was not under arrest or indictment. It was not error to fail to provide counsel for appellant under these circumstances. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); Fields v. State, 232 Ga. 723 (208 SE2d 822) (1974); Brand v. Wofford, 230 Ga. 750 (199 SE2d 231) (1973).

He also contends that the watch, billfold and coins should have been suppressed because they were seized illegally. However, after the victim identified the appellant by voice the police had probable cause to arrest him, and they did arrest him. The evidence was found in a search incident to a lawful arrest and is therefore admissible. United States v. Robinson, 414 U. S. 218 (94 SC 467, 38 LE2d 427) (1973).

The admission of the watch, billfold, and coins of the victim at the trial over objection was proper.

2. The appellant contends that the trial court erred in allowing testimony concerning blood and seminal fluid found on the appellant's and the victim's clothing. He argues that the testimony was not relevant especially since the state did not prove the blood type of the appellant or the victim.

An expert witness from the Georgia State Crime Laboratory testified that he found type A blood of female origin on the inside of the housecoat which the victim was wearing at the time of the rape and also on the appellant's shirt. He found seminal fluid on the blanket from the victim's bed where the alleged rape took place and also on the appellant's shirt and briefs which he was wearing when arrested in the morning. The blood types of the victim and appellant were not introduced.

Appellant's objection to the relevancy of this tes-timony apparently is founded on the fact that type A

blood is common and would not establish appellant's identity even if his blood type had been shown. However, evidence may be admitted as relevant for purposes other than showing the identity of the accused.

Evidence as to the condition of the clothing and bed clothes of the victim within a short time after an alleged rape is relevant and admissible. *Teague v. State,* 208 Ga. 459 (8) (67 SE2d 467) (1951); *Chambers v. State,* 141 Ga. 652 (1) (81 SE 880) (1914).

The testimony concerning the presence of seminal fluid and type A blood of female origin was relevant and admissible as evidence to corroborate the testimony of the victim that a rape occurred, as required by Code Ann. § 26-2001.

The trial court properly admitted this testimony.

3. The appellant took the stand and admitted having sexual intercourse with the victim that night, but denied that it was without her consent. During cross examination of the appellant the district attorney asked if the appellant had testified at the committal hearing. The appellant replied, yes, he then asked if he told the same story then as he just told here. The appellant replied, no. The district attorney asked, "Why not?" The defense attorney objected at this point saying that the appellant had not testified at the committal hearing. The court overruled the objection, stating that he understood the appellant to have said he did testify at the committal hearing. Later when the appellant corrected himself and answered that he had not testified at the committal hearing, the court sustained counsel's renewed objection.

The appellant argues he was prejudiced by the court's failure to rule properly on the objection when it was first raised. He contends that the improper inquiry allowed the state to attempt to prove him guilty by drawing an impermissible inference from his failure to take the stand at the committal hearing.

While the initial overruling of counsel's objection was later shown to have been improper, it did not violate appellant's constitutional rights. The district attorney inquired into the reasons he told a different version of the facts earlier from what he presented at trial. (Presumably the first version was told at the hearing on the motion to

suppress evidence rather than at the committal hearing.) When the appellant corrected himself saying he had not testified at the committal hearing, the trial court sustained the renewed objection and did not permit the district attorney to inquire further as to appellant's earlier testimony. Once the facts were correctly presented, the court sustained appellant's objection. This enumeration of error is without merit.

4. The appellant contends that the trial judge expressed or intimated his opinion in the charge to the jury as to what had or had not been proved in violation of Code Ann. § 81-1104. He claims that the reference to clothing in the charge on corroboration constitutes his belief in what had been proved by the state.

In the charge to the jury, the judge properly charged that a person cannot be convicted of rape on the uncorroborated testimony of the woman alleged to have been raped. He then instructed the jury as follows: "The amount of corroboration necessary is a matter for you members of the jury to determine. Now, you may consider evidence of physical injury to the victim, if any, the condition of her clothing after the alleged assault, the condition of his clothing, the defendant's clothing, after the alleged assault whether or not the alleged victim reported the alleged assault at the first opportunity, or any other facts or circumstances appearing from the evidence. Now, the amount of corroboration, as I have said before, is a matter solely for you members of the jury to determine."

The charge did not intimate or infer in any way the judge's opinion as to whether or not there was evidence corroborating the victim's testimony. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 22, 1975 — DECIDED OCTOBER 21, 1975.

*McCollum & McCollum, Elliott P. McCollum, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.