## 32112. ALEXANDER v. THE STATE.

BOWLES, Justice.

Appellant was indicted for rape and aggravated assault by a grand jury in the Superior Court of Douglas County, Georgia. The trial judge found him guilty of rape and the court sentenced him to twenty years imprisonment, with the last eight to be probated. He filed a motion for new trial and upon this being overruled he appeals to this court from the order denying his motion for new trial, from the judgment, conviction and sentence in the case, and complains of several ancillary rulings of the court.

We affirm.

### Summary of the Evidence

The evidence presented in the light most favorable to support the verdict of the jury, and the judgment of the court shows that on the evening of December 12, 1975, the victim went to a bar in Atlanta, Georgia, where she met the defendant and another man named Bill. She went riding with them in an automobile. They proceeded to a wooded area in Douglas County, Georgia, where defendant and Bill became involved in a fight, with defendant hitting Bill with a beer bottle. Defendant then attempted to force the victim to perform fellatio. When she refused, defendant slapped her, cut her on the leg and back, pulled off her clothes and forced her to have sexual intercourse. Afterwards he shoved the victim out of the automobile and drove away leaving her without any clothes. All of this occurred in the middle of the night, and at daybreak the victim after having obtained a plastic garbage bag for clothing knocked on the door of the home of a nearby female. She was at the time weeping, hysterical, and

begged to be allowed inside. She was scratched, bruised and blue from the cold and reported to the house occupant that she had been raped. Thereupon the police were notified and the victim and a police officer drove back to look for her clothes. They found her boots, skirt, panties and hose. All four items were located in Douglas County, Georgia. She also told one of the officers where she had walked from and showed him where the defendant had left her. The road and area were identified by an officer, who lived in the area for 35 years, as being located in Douglas County, Georgia. The victim was hospitalized for two days after the incident because of bruises on her chest and abdomen, a laceration on the right side of her back, multiple scratches on her arms, a laceration of her left knee, abrasions on both legs, and a bruise on her nose.

The defendant testified in his own behalf that he had met the victim in a bar about a week before the incident and the two of them had gone to a motel where he had passed out. He contended the victim on that occasion had disappeared with his wallet and car keys. He admitted driving with the victim and Bill on the night in question but according to his version he went along to get back his wallet and keys from the previous experience. He testified that Bill removed the victim's clothes and these two got out of the car. He testified further that he drove away, but noticing the victim's clothes were still in his car, he threw the clothes out of the car window.

1. Defendant's enumeration of error numbers 1, 2 and 3 contend that the court erred in admitting state's Exhibit Nos. 1, 3 and 4, photographs of the rape scene. His enumeration number 4 claims error in admitting state's Exhibit No. 6, which was a photograph of tire tracks at the scene. Enumerations 5, 6 and 7 complain of the admission of state's Exhibit Nos. 11, 12 and 13 which were photographs of the victim's hose, panties and skirt. Enumeration 8 complains of the court's admitting state's Exhibit No. 14, which was an item of clothing picked up at the scene by one of the officers. This was identified by the victim as her skirt. Enumeration 9 complains that state's Exhibit Nos. 11, 12, 13 and 14 should not have been admitted on the additional ground that the prosecutrix was allowed to identify the same over timely and proper

objection. All of these pertain to the admission of evidence and will be discussed collectively.

The admission of evidence is a matter which rests largely within the sound discretion of the trial judge; and if an item of evidence has a tendency to establish a fact in issue, that is sufficient to make it relevant and admissible. *Patterson v. State,* 233 Ga. 724, 725 (213 SE2d 612) (1975). The photographs that were admitted were properly identified. They showed the crime scene as a wooded area, along an old road, other physical facts and the location of items found there.

The jury may consider the condition of the rape victim's clothing, and the photographs of clothing, which were admitted, as corroborating evidence. *Evans v. State,* 235 Ga. 396, 399 (219 SE2d 725) (1975).

The defendant admitted being at the scene of the crime and admitted throwing the victim's clothing out of the car window. His defense was that if the victim were raped, she was raped by a third party male by the name of Bill after appellant drove away. With that, in the absence of any injury to him, coupled with the admissions made in his testimony, these claims of error present nothing for review. *Coker v. State,* 234 Ga. 555, 559 (216 SE2d 782) (1975). There was no error in admitting any of the above.

2. Enumeration No. 9 complains additionally that state's Exhibits Nos. 11, 12, 13 and 14 (evidence bag and clothing) should not have been allowed in evidence because the victim was allowed to testify regarding the same over timely objection, in that the court permitted the victim to remain in the courtroom after the rule of sequestration had been invoked and in permitting her to testify on redirect examination. At the beginning of the trial appellant invoked the rule of sequestration and the victim was offered as the state's first witness. After her testimony was given the district attorney requested the court to allow her to remain in the courtroom to assist him in prosecuting the case. Thereafter she was called back to the stand for redirect examination, and in that testimony she identified the boots, hose, panties and skirt as belonging to her. These items were included as state's Exhibits Nos. 7, 12, 13 and 14. The trial court has the

discretion to allow a state's witness to remain in the courtroom and to assist the prosecutor. The court also has the discretion to allow her to testify in other areas after other witnesses were heard. *Hill v. State,* 237 Ga. 794, 800 (229 SE2d 737) (1976); *Jarrell v. State,* 234 Ga. 410, 421 (216 SE2d 258) (1975); *Pearley v. State,* 235 Ga. 276 (219 SE2d 404) (1975). The defendant testified the victim's clothes were left in his car and he threw them out of the car window. With that, the court did not abuse its discretion in permitting the victim to testify on redirect examination that the articles of clothing found belonged to her.

3. Enumerations of error Nos. 10, 11, 12 and 13 complain that there was a fatal variance between the allegata and the probata; that the court erred in failing to grant defendant's motion for directed verdict; that the court erred in attempting on its own motion to establish venue; and it erred in overruling and denying the defendant's amended motion for new trial. These enumerations are similarly aligned.

In support of these grounds, defendant contends that the victim's testimony was not corroborated. Although a conviction for rape will not be sustained on the unsupported testimony of the victim, the corroborating evidence need not itself be sufficient to sustain the conviction. *Bryant v. State,* 229 Ga. 60, 63 (3) (189 SE2d 435) (1972). Corroboration need not be by medical testimony (*Mitchell v. State,* 225 Ga. 656, 658 (171 SE2d 140) (1969)); nor by evidence of laboratory tests. *Ford v. State,* 227 Ga. 279, 280 (180 SE2d 545) (1971). Slight circumstance or evidence may be sufficient to corroborate the victim's testimony. *Jones v. State,* 222 Ga. 601 (150 SE2d 924); *Smith v. State,* 161 Ga. 421, 423 (131 SE 163) (1925). The question of whether the victim's testimony was sufficiently corroborated is ultimately for the jury to decide under proper instructions from the court. *Morgan v. State,* 229 Ga. 532 (1) (192 SE2d 338) (1972).

In this case we conclude that the victim's testimony was amply corroborated by her weeping and hysterical condition at the time; by her reporting to a nearby house just after daylight, naked, except for a plastic garbage bag wrapped around her; by her immediate report that she

had been raped to the occupant, and by her numerous physical injuries. *Evans v. State,* 235 Ga. 396, 399 (219 SE2d 725) (1975).

Both in overruling the motion for directed verdict, and the motion for a new trial the test is whether or not there is "any evidence" to support the verdict. *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650) (1976). We cannot pass on the weight of the evidence but merely on the sufficiency of the evidence to sustain the verdict. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976). The evidence must be viewed by this court in the light most favorable to the verdict rendered. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583) (1975).

4. The defendant also urges in support of his position that venue of the crime was not properly proven to lie in Douglas County, Georgia, as set out in the indictment. There was no conflict in the evidence as to venue. Under these circumstances, slight evidence of venue is sufficient. *Wilkes v. State,* 238 Ga. 57 (230 SE2d 867) (1976); *Aldridge v. State,* 236 Ga. 773, 774 (225 SE2d 421) (1976). The court can take judicial cognizance of the relative locations of the counties of the State of Georgia. The evidence showed that the parties drove west from the City of Atlanta and Douglas County lies immediately west of Fulton County. The victim's clothes were found in Douglas County. The victim accompanied an officer and gave a description of the rape scene. The officer who was familiar with the area and the county located the scene as being in Douglas County, Georgia. When defendant took the stand he admitted that he did not know whether he was in Douglas or Fulton County. Under these circumstances there was sufficient evidence for the jury to find the venue to have been as alleged in the indictment.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 21, 1977 — DECIDED MAY 31, 1977.

*Thomas H. Antonion,* for appellant.

*John Perren, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney*

*General,* for appellee.