## 55554. COLLINS et al. v. THE STATE.

QUILLIAN, Presiding Judge.

Larry and Wayne Collins, brothers, were charged with the offense of burglary. The evidence of the state was entirely circumstantial. Each defendant offered evidence of alibi. Defendants appeal their conviction. *Held:*

1. The first two enumerated errors will be discussed together as they both address the sufficiency of the evidence. The state presented evidence that a truck which looked "similar" to the defendant's truck was seen near the site of the burglary at the time it occurred. The safe which was stolen from Mr. John Collins' house was painted with a type of paint which was "not a common paint" and the state's crime lab specialist had never seen "this particular type of paint" before. Paint scrapings taken from the bed of defendant's truck and from the safe were compared and found to be "consistent." Photos of tire impressions taken from the carport of the burglarized home were similar to photos of the tires of defendant's truck. Mr. Collins, whose home had been burglarized, stated that the defendant, Larry Collins, was present when Mr. Collins' brother, the grandfather of Larry Collins, asked him: "You got that old safe now with all that money in it?" Mr. Collins answered: ". . . there ain't no money much in it." During the trial, Mr. Collins testified that "I knew I had $1,500.00 in it . . . and Marcus [his son] had this [sic] between 70 and 90 dollars in change that he had left over from paying off pecan help." When the defendant, Wayne Collins, was arrested he had $16.40 in small change in his pocket.

Mr. Williamson, an investigator for the sheriff's office, received the initial report of the burglary "at

approximately 7:45 p.m." After notification of the type of vehicle seen at the burglarized home, and knowing that the Collins brothers had access to such a vehicle, he went to the home of the defendant Larry Collins. This was approximately two hours after he had been informed of the burglary. The engine of the truck was warm. When asked if he had been driving the truck, Larry Collins said "no, [his] wife had."

(a) Evidence of defendant Larry Collins: Larry Collins and his wife testified that he was at home the complete day of the burglary and that she had used the truck during the afternoon — from two to four o'clock. Both testified that the truck had been loaned to Junior Parr around 6 o'clock and returned around 8:30 p.m. Mr. Parr was described by the police as a "fugitive from justice" because he was wanted "on another burglary."

The circumstantial evidence of the state is in conflict with the direct evidence of the defendant Larry Collins. Our Supreme Court, in *Harris v. State,* 236 Ga. 242, 244-245 (223 SE2d 643), held: "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury . . . and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." The defendant would have this court substitute its judgment for that of the jury. The role of this court is to pass not on the weight but on the sufficiency of the evidence. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). The evidence must be viewed by an appellate court in the light most favorable to the verdict rendered. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583). And, as long as there is "any evidence" to support the jury's verdict which has the approval of the trial court, we will not disturb it on appeal. *Alexander v. State,* 239 Ga. 108, 112 (236 SE2d 83). There is sufficient evidence of record to support the verdict of the jury as to the defendant Larry Collins.

(b) Evidence of Wayne Collins: The burglary occurred around 6:30 p.m. A friend of Wayne Collins

testified that he helped Wayne repair his motorcycle on the day of the burglary from around 4 p.m. until 7:15 p.m. Wayne's former sister-in-law testified that Wayne visited her house to see his daughter at 8 p.m. and took the loose change from his daughter's piggy-bank to use in paying a court fine the following day.

Counsel for defendant Wayne Collins contends that the testimony of Mr. John Collins as to the money of his son Marcus being in the safe was hearsay and cannot be considered as it was hearsay. We agree. Mr. Collins' testimony was: "...there was $1,500.00 that I knew was in there myself. Now Marcus ... when he got done with his pecans that fall before he had some change. I don't know, I believe he said between 70 and 90 dollars... But anyway he put that in the safe. I didn't even know it was in there until the safe was gone. . . Q. Do you know the denominations of the change he had in there? A. No, I really don't. I didn't know he had that in there until he told me after it was gone, that he had that change in there."

"Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases from necessity." Code § 38-301. This testimony as to the safe's contents including $70 to $90 in change was not within the knowledge of the witness but is credited solely to what he was told by his son after the safe was stolen. Necessity is absent because Marcus Collins testified as a prosecution witness and he was not asked whether he had any money in the stolen safe.

There was no objection by the defendant. Thus, this hearsay was considered by the jury in its deliberations and could have played an important role in connecting the defendant, Wayne Collins, to the commission of the crime. The record is devoid of any direct evidence that he was involved. His brother was in possession of the truck. His brother was the one who was present when it was revealed that there was a safe — which was reputed to possess "all that money. . ." His brother is the one who said his wife used the car — to explain why the engine was still warm

at approximately 9:45 p.m. — although she said she returned at 4 p.m. And it was his brother who testified at the trial that he loaned the truck to Junior Parr from 6 to 8:30 — when the burglary occurred at approximately 6:30 p.m.

Even in the absence of objection, hearsay is without probative value to establish any fact. *Jones v. State,* 50 Ga. App. 97 (1) (176 SE 896); *Nesbit v. State,* 71 Ga. App. 744 (1) (32 SE2d 207); *Gallman v. State,* 127 Ga. App. 849 (4) (195 SE2d 187); *Winget v. State,* 138 Ga. App. 433 (3) (226 SE2d 608); *Longstreet v. Longstreet,* 205 Ga. 255 (4) (53 SE2d 480).

When this sole connecting link between the crime charged and the defendant is removed, the state is left without any evidence, direct or circumstantial, of the presence or participation of Wayne Collins in the offense of which he was found guilty. It is arguable that there is a circumstantial connection, e.g., (1) his brother participated in this offense, and (2) Wayne Collins had access to the vehicle that was used in the robbery. These two circumstances are neutral — not incriminatory. Where a defendant's "conviction rests only on circumstantial evidence . . . to convict this evidence must exclude every other reasonable hypothesis save that of his guilt. Code § 38-109. However, questions of reasonableness are generally for the jury to decide under proper instructions. *Harris v. State,* 236 Ga. 242, 244-245 (223 SE2d 643) (1976). Our task on appeal is to judge only the sufficiency of the evidence, not its weight: we ask whether there is any evidence sufficient to authorize the fact finder to return a verdict of guilty. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976)." *Williams v. State,* 239 Ga. 12, 13 (235 SE2d 504). We find no evidence having any probative value to identify Wayne Collins as a participant in this offense.

2. Defendants allege as error the failure of the trial court, "on its own motion," to direct a verdict of acquittal for the defendants. Code Ann. § 27-1802 (a) (Ga. L. 1971, pp. 460, 461) provides that "[w]here there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal" the court may direct a

verdict of acquittal. Suffice it to say, the circumstantial evidence of the state was in conflict with the direct evidence of defendants. Further, all reasonable inferences and deductions from such evidence did not demand a verdict of acquittal — as the jury pointed out. And, as stated above, the circumstantial evidence was sufficient to authorize the jury to reach a verdict of guilty as to the defendant Larry Collins. Thus, defendant Larry Collins was not entitled to a directed verdict. *Welch v. State,* 235 Ga. 243, 246 (219 SE2d 151).

3. Defendants argue that the court's charge on alibi placed the burden of persuasion on the appellants. We can not agree. The state contends the charge given "was taken from the charge of alibi approved by the Justices in *Patterson v. State,* 233 Ga. 724, 730 (fn. 2)." We agree that the charge is similar but the objection by defendants reaches the central theme of that instruction which the trial court failed to charge in the instant case. That omitted section of the *Patterson* charge states: "Presence of the defendant at the scene of the crime(s) alleged or his involvement as a co-conspirator is an essential element of the crime(s) set forth in the indictment, and the burden of proof as to such issue rests upon the State as I have instructed you already." We can not believe that the trial court deliberately omitted such a favorable statement for the defendant from his charge. Rather, we find the charge given to be almost identical to those approved in *Paschal v. State,* 230 Ga. 859, 860 (199 SE2d 803), and *Jordan v. State,* 235 Ga. 732, 737 (222 SE2d 23). Accordingly, we find no error and if defendants had desired "[a]ny fuller instruction" they should have requested it. *Billups v. State,* 236 Ga. 922 (225 SE2d 887).

*Judgment affirmed as to defendant Larry Collins. Judgment reversed as to defendant Wayne Collins. McMurray and Birdsong, JJ., concur.*

ARGUED MARCH 7, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 28, 1978 —

*James W. Smith, King, Phipps & Associates, C. B. King,* for appellants.

*A. Wallace Cato, District Attorney, George C. Floyd, Assistant District Attorney,* for appellee.