appellant.
*John W. Bland, Jr.,* for appellees.

## 58672. BRADLEY v. THE STATE.

CARLEY, Judge.
Appellant was convicted of selling phencyclidine in violation of the Georgia Controlled Substances Act. He appeals, enumerating as error his in-court identification by a witness for the state. It is urged that this identification testimony was inadmissible because it had been tainted by an impermissibly suggestive pretrial photographic identification procedure.

The state's witness was a GBI agent working undercover while conducting a narcotics investigation. He bought drugs from an unidentified male in a transaction which lasted approximately five minutes and which occurred in daylight. The agent was able to closely observe the unidentified individual's face and, because the man was shirtless, to notice that there was a tattoo on his chest. Several days later the agent related the events surrounding the drug transaction, including a description of the as yet unidentified man, to an investigator in the local sheriff's office. The investigator mentioned appellant's name as one fitting the description and showed the agent a single photograph, appellant's. After being shown the photograph, the agent identified appellant as the man who had sold him drugs. A warrant was sworn out and appellant was arrested. Appellant's motion to exclude identification testimony by the agent was denied and appellant was identified as having sold the drugs.

"[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). "[T]he central question [is] whether under the 'totality of the

circumstances' the identification was reliable even though the confrontation procedure was suggestive . . . [T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). "The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. '[I]f the judge does not find as a matter of law both that the picture spread was impermissibly suggestive *and* that there is a substantial likelihood of irreparable misidentification, the in-court identification may be put before the jury.' [Cits.]" *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775) (1974).

There is no doubt that the display of a single photograph, as in the instant case, is impermissibly suggestive. *Talley v. State,* 137 Ga. App. 548 (224 SE2d 455) (1976). We must thus determine whether, under the "totality of the circumstances," this single photographic display was conducive to irreparable mistaken identification. *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974). Applying the factors enunciated in Neil v. Biggers, 409 U. S. 188, supra, in this determination, it appears that: (1) the agent-witness had ample opportunity — five minutes in daylight — to observe the individual who sold him drugs; (2) the attention of the agent-witness, working undercover in a narcotics investigation, was obviously focused on the individual from whom he was purchasing drugs; (3) the prior description of the individual given by the agent-witness to the investigator was accurate and unerring; (4) the agent-witness was certain of his identification of appellant from the photograph and remained so at trial; (5) only two or three days elapsed between the sale of drugs by the unidentified man and appellant's photographic identification by the agent-witness. Thus, considering the totality of cir-

cumstances in the instant case, it cannot be said that the single photographic display, though impermissibly suggestive, was conducive to irreparable mistaken identification. *Heywood v. State,* 236 Ga. 526 (224 SE2d 383) (1976); *Talley v. State,* 137 Ga. App. 548, supra.

Furthermore, the agent-witness' observation of the appellant on the date of the drug transaction was shown to be an independent basis for the in-court identification. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973); *Phillips v. State,* 238 Ga. 616 (234 SE2d 527) (1977). Compare *Powers v. State,* 147 Ga. App. 459 (249 SE2d 292) (1978). There was no error in the admission of the in-court identification of appellant.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED JANUARY 8, 1980 —

*Jon Bolling Wood,* for appellant.
*William M. Campbell,* District Attorney, *James A. Meany, III,* Assistant District Attorney, for appellee.