## 62832. MORRIS v. THE STATE.

DEEN, Presiding Judge.

The defendant appeals from his conviction and sentence of ten years for the offense of selling slightly over a half ounce of marijuana to an undercover agent.

1. A police officer named Thrift was stationed a half block down the street on the night in question. He saw three men at the door of the house where the buy was allegedly made. He identified one of these men as the agent Griffis and another as the defendant Morris, but admitted on examination that he did not do this of his own knowledge but that Morris was "identified to him" as the seller at a later time. Nor did he witness the sale. Thrift's testimony was accordingly hearsay and totally without probative value. Such testimony, admitted without objection and without cautionary instructions is dangerous in that it will be assumed to have been considered by the jury in its deliberations and could have played an important role in connecting the defendant with the commission of the crime. *Collins v. State,* 146 Ga. App. 857 (1-b) (247 SE2d 602) (1978) holds that where there is no other direct evidence other than this type nonprobative hearsay evidence linking defendant with the crime the case must be reversed. However, where, as here, there is other direct evidence, this renders this enumeration meritless, or, at the most harmless error.

2. During the state's opening argument the prosecuting attorney told the jury that drug sellers must be having a great success, that they must make a huge amount of sales before they're ever caught — a hundred, two hundred. In so doing, of course, the speaker attempted to put before the jury facts not in evidence, and to indicate to them that the defendant had committed many other crimes (although at the sentencing hearing this appeared to be a first offense). Later, the same speaker complained that his witness Griffis

had been "harassed" although no objections had been interposed to the cross examination, and he continued by pointing out the danger of the undertaking, that "officers who do this are risking a life. They're risking personal injury, perhaps death . . . and then they have to come to court and be subjected to . . ." At this point he was interrupted by defense counsel's second objection. In both cases the objections were overruled with cautionary instructions as to the first objection to stay within the evidence and reasonable deductions therefrom. "Where matters are stated which relate to evidence that is not admissible in evidence, it constitutes harmful error . . . It is quite clear that the prosecuting attorney was trying to make the jury believe that one of the issues in the case was whether drug abuse is an evil that should be stamped out, and whether the state's witness was pure in heart . . . Of course these two matters were not issues; the remarks of counsel were totally improper, prejudicial and irrelevant, and the court should have promptly taken measures to remedy the wrong . . . But the court overruled the objections, all of which were reversible error." *Watson v. State,* 137 Ga. App. 530, 531 (224 SE2d 446) (1976). Code § 81-1009 requires that where statements of prejudicial matters not in evidence are made the court must interpose, and he shall also rebuke counsel and give such instructions as will remove the improper impression, or, if necessary, grant a mistrial if plaintiff's attorney is offender. *Sanford v. State,* 153 Ga. App. 541, 542 (265 SE2d 868) (1980). A motion for mistrial, where the objection is proper, must trigger *some* action on the part of the judge, though as to what action he has a great discretion, and of course if the error is harmless and the evidence of guilt overwhelming this may be decisive upon the appellate court. That the overruling of such a motion without any cautionary instructions usually constitutes reversible error, see *Moorehead v. Counts,* 130 Ga. App. 453, 455 (1) (203 SE2d 553) (1973), aff. 232 Ga. 220 (138 SE2d 304) (1974); *Berry v. State,* 10 Ga. 511 (6) (1851); *Heard v. State,* 210 Ga. 108 (1) (78 SE2d 38) (1953); *Fitzgerald v. State,* 184 Ga. 19 (190 SE 602) (1937). Yet in the case before us no motion for mistrial was made. With this in mind, plus the cautionary instructions given by the judge, in view of the broad discretion of the judge in this area, and extravagant statements made during flights of oratory held not to be reversible error, we find this enumeration without merit. *Shelton v. State,* 146 Ga. App. 763 (247 SE2d 580) (1978).

3. The state's prime witness, Griffis, testified that he bought a lid of marijuana from the defendant on the evening of March 20, 1980, that the defendant had no distinguishing characteristics, that he had never seen him before, was with him for about 10 minutes, and never saw him again until the date of his testimony at the trial which was

ten months later. On cross examination Griffis admitted that before entering the courtroom he had been shown a current picture of the defendant by Thrift. Griffis positively identified the defendant. Thrift admitted he showed Griffis the picture "in this particular case" because Morris had made some alterations in his hair and mustache. An objection to Griffis' identification of the defendant immediately after being shown the picture by his cohort was overruled and error enumerated thereon. The defendant later took the stand, denied the encounter, denied the sale, and denied that his facial appearance had changed during the past year. No further evidence on the subject was offered.

It has been frequently held that the display of a single photograph to an identifying witness is impermissibly suggestive. *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974); *Talley v. State,* 137 Ga. App. 548, 551 (224 SE2d 455) (1976); *Bradley v. State,* 152 Ga. App. 902 (264 SE2d 332) (1980). Where a "confrontation was made [as here by showing a photograph to the sole identifying witness] . . . the witness' in-court identification [is] also inadmissible unless the state successfully carried the burden of showing that the in-court identification sprang from an independent and untainted source." *Yancey v. State,* 232 Ga. 167, 168 (205 SE2d 282) (1974), citing United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178). The yardstick to be used in determining whether alleged trial errors such as these are reversible is whether, under the "totality of circumstances" prejudice is likely to have occurred. *Payne v. State,* 233 Ga. 294, supra; *Bradley v. State,* 152 Ga. App. 902, supra.

In the cases of *Bradley* and *Yancey,* supra, independent identifications amounted to five minutes and twenty minutes and the convictions therein were affirmed. Here the defendant was viewed in his home about ten minutes and we cannot say under the totality of circumstances, the single photograph, though impermissibly suggestive, amounts to irreparable mistaken identification sufficient to cause reversal. It is highly probable that any error did not contribute to judgment of conviction. *Sanford v. State,* 153 Ga. App. 541, 542, supra.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 25, 1981.

*Willis H. Blacknall III,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.