## 67557. JOHNSON v. THE STATE.

QUILLIAN, Presiding Judge.
Defendant appeals his conviction for armed robbery. *Held:*
1. Defendant asserts that the trial court erred by refusing to suppress his in-court identification by the victim and his wife because the identifications were tainted by impermissibly suggestive pretrial photographic identification procedures.

When the alleged victim and his wife were robbed in their store, the robber had white tape on his forehead, over his left eye and cheek and under his chin. Before the robbery occurred the robber spent ten minutes or so talking with the victim and wife at close range, ostensibly to purchase some clothing for his wife. When the robber left, police were immediately notified and quickly responded. As a detective was talking with the victims and getting a detailed description of the robber, a telephone call was received at the store.

The detective spoke with the caller, an unidentified woman. The caller wanted to know if the store had been robbed and when told that it had been, she told the detective that defendant had done it and that he was hiding at his mother's house. The detective went to the address the caller had given, which was a few blocks away, and spoke with defendant's mother. The mother said that defendant was not there. At the detective's request for a picture of defendant the mother gave him a board with several family photographic pictures fastened to it and indicated one which was of defendant. The detective took the photo board directly to the scene of the crime and asked the victims if they could identify anyone in the photographs as the robber. Both identified the picture of defendant as the robber, but asked to view him in person and hear his voice. Eight days later, the victims were separately shown a head and shoulder front and side view photographic array of five males, who all had the same general description. Both victims identified the picture of defendant as the robber. Several months later, the victims separately viewed a lineup of five men of similar description which included defendant, listened to their voices and again identified defendant as the robber. They subsequently identified defendant at trial.

" '(C)onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). '(T)he central question (is) whether under the "totality of the circumstances" the identification was reliable even though the confrontation procedure was suggestive . . . (T)he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). 'The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. "(I)f the judge does not find as a matter of law both that the picture spread was impermissibly suggestive *and* that there is a substantial likelihood of irreparable misidentification, the in-court identification may be put before the jury." (Cits.)' [Cit.]" *Bradley v. State,* 152 Ga. App. 902-903 (264 SE2d 332).

Applying the five factors of Neil v. Biggers, 409 U. S. 188, 199, supra, to the facts of this case, and considering the "totality of the circumstances," we find that there was not a "substantial likelihood of irreparable misidentification." The trial court did not err in admitting the in-court identification. Compare, *Burrell v. State,* 239 Ga. 792 (239 SE2d 11); *Bradley v. State,* 152 Ga. App. 902, supra; *Morris v. State,* 160 Ga. App. 505 (3) (287 SE2d 405).

2. Did the trial court err in permitting the detective to testify as to what the unidentified woman told him on the telephone?

"When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations . . . and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then information, etc., on which he or she acted shall not be admissible under Code Ann. § 38-302 [now OCGA 24-3-2]." *Momon v. State,* 249 Ga. App. 865, 867 (294 SE2d 482).

Applying the standards of *Momon* to the facts of this case as set out in the foregoing division, there can be little question that the unidentified caller's statement that defendant was the robber and was at his mother's house was highly relevant to the issues on trial and was admissible to explain the detective's conduct in determining who had committed the robbery. Accordingly, there was no error in admitting the statement, and the jury was duly instructed as to its limited purpose.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 23, 1984.

*William H. Hope II, H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney,* for appellee.