## A99A1051. AUSTIN v. THE STATE.
### (518 SE2d 918)

BLACKBURN, Presiding Judge.

Terrence L. Austin appeals his conviction, following a jury trial, for robbery by force, contending that the verdict was inappropriately based on certain hearsay evidence identifying him as the perpetrator. For the reasons set forth below, we affirm.

The record shows that Elton Nesbitt was working as a clerk at a convenience store in Macon at the time of the incident. During his shift from 10:00 p.m. until 2:00 a.m., Nesbitt noticed Austin loitering around the property for several hours on the night in question. While preparing to close the shop for the night, Nesbitt informed Austin that if he intended to buy anything, he would have to do so at that time. Austin entered the store, robbed Nesbitt, and fled. Later, Nes-

bitt, who had observed Austin for hours preceding the robbery, immediately identified Austin as the perpetrator from a photo line-up.

During trial, Nesbitt testified that several days after the robbery, an unidentified woman came into the store and informed him that the robber's name was Terrence. In addition, Lieutenant Helen Jackson, who investigated the case, testified that a police dispatcher received an anonymous tip that Austin had committed the crime. Austin objected to none of this testimony, and he cross-examined both witnesses on the same subject. Now, on appeal, Austin contends that his conviction must be reversed because the jury's verdict was based on such nonprobative hearsay evidence. We disagree.

"Hearsay evidence is without probative value and will not establish fact in issue even in the absence of a timely objection." (Citation and punctuation omitted.) *Calhoun v. State*, 213 Ga. App. 375, 376 (4) (a) (444 SE2d 405) (1994).

> Such testimony, admitted without objection and without cautionary instructions is dangerous in that it will be assumed to have been considered by the jury in its deliberations and could have played an important role in connecting the defendant with the commission of the crime. *Collins v. State*, 146 Ga. App. 857 (1-b) (247 SE2d 602) (1978) holds that where there is no other direct evidence other than this type nonprobative hearsay evidence linking defendant with the crime the case must be reversed. However, where . . . there is other direct evidence, this renders [an enumeration of error with regard to the admission of the hearsay evidence] meritless, or, at the most harmless error.

*Morris v. State*, 160 Ga. App. 505 (1) (287 SE2d 405) (1981). In short, such nonprobative hearsay evidence will be assumed to have been considered by the jury, and the case must be reversed unless the presence of other direct evidence in the case renders the admission of the hearsay harmless.

Pretermitting the issue of whether the evidence which Austin complains of constituted hearsay, the admission of such evidence in this case was harmless, as there is direct evidence linking Austin to the crime. Nesbitt, the store clerk who had the opportunity to observe Austin for hours before he committed the robbery, positively identified Austin as the perpetrator from a photo line-up and at trial. Therefore, Austin's enumerations of error are meritless or, at the most, harmless error. Id.

Austin's reliance on *Collins*, supra, does not change this result. In *Collins*, there was no direct evidence that the defendant commit-

ted the crime with which he was charged. In contrast, there is direct evidence in this case that Austin committed robbery.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 4, 1999.

*William D. Phillips*, for appellant.
*Charles H. Weston, District Attorney, Elizabeth K. Bobbitt, Myra Y. Christian, Assistant District Attorneys*, for appellee.