## A05A1244. BRITTIAN v. THE STATE.

(619 SE2d 376)

BARNES, Judge.

Following the denial of her motion for new trial, Lisa Brittian appeals from her conviction for forgery. Brittian contends that: (1) the trial court erred when it restricted her cross-examination of a witness, and (2) the evidence was insufficient to support her conviction. For the reasons stated below, we affirm.

"On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that at 2:00 a.m. on April 13, 2002, Brittian was pulled over for speeding in Douglas County by an Austell police officer. The vehicle contained two additional passengers, and was co-registered to both Brittian and one of the passengers. The officer asked Brittian and her passengers for identification, and Brittian provided a driver's license that identified her as Kellee McFadden. Brittian became agitated when the officer asked her passengers for identification, and demanded that the officer contact his supervisor and that the supervisor come to the scene. The officer's supervisor soon arrived and spoke to Brittian and advised her on the process for filing a complaint. After the supervisor left the scene, the officer issued Brittian a traffic citation, and she signed the citation as Kellee McFadden.

After this incident, the real Kellee McFadden received a notice from the City of Austell indicating that her license was being suspended because of a speeding ticket. McFadden appeared before the court to argue the ticket, and provided evidence that her wallet had been stolen, along with her identification, some months before the traffic stop. The speeding ticket was then dismissed, but because the traffic citation had been forged, the court requested that the police investigate.

Using evidence collected from the incident, including the identities of the passengers and the video from the patrol car, the investigating officer contacted one of the passengers, who identified Brittian as the driver of the car. Based on this information, Brittian was arrested and charged with forgery. After her arrest, the two officers involved in the stop were shown a photograph of Brittian and identified her as the driver of the vehicle during the traffic stop.

1. Brittian contends that the trial court erred when it restricted her cross-examination of McFadden about her driving record, which Brittian argues showed that the witness had a motive for lying. We disagree.

> A criminal defendant has the right to cross-examine a witness concerning pending criminal charges against the witness for purposes of exposing a witness' motivation in testifying, e.g., bias, partiality, or agreement between the government and the witness. At the same time, the extent of cross-examination is within the sound discretion of the trial court.

*Kennebrew v. State*, 267 Ga. 400, 402-403 (3) (480 SE2d 1) (1996). Further, the test established in *Johnson v. State*, 244 Ga. App. 128, 131-132 (1) (534 SE2d 480) (2000), provides that the bias be specific to the case at bar, and not based on an old conviction or a dismissed charge, as they are not a basis of a motive to distort testimony. In this case, McFadden had no specific bias in the case at bar, and her history of past speeding tickets was irrelevant. The trial court did not abuse its discretion in prohibiting Brittian from delving into the driving record of the witness.

2. Brittian also asserts that the identity evidence was insufficient to support her forgery conviction. We disagree. Although Brittian now argues that the police officers' pre-trial identifications were "fatally tainted," the trial court was not asked to rule upon that issue during the course of the trial. " 'All evidence is admitted as [a matter] of course unless a valid ground of objection is interposed, the burden being upon the objecting party to state at the time some specific reason why it should not be admitted.' " *Reid v. State*, 129 Ga. App. 660, 663 (2) (c) (200 SE2d 456) (1973). The appellant offered no objections to the admission of the pre-trial identifications, nor did the appellant go much further than to question the witnesses about the lineup procedure. "It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial." *Simms v. State*, 223 Ga. App. 330, 332 (1) (477 SE2d 628) (1996).

However, even if the objection were made at the trial level, "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). While this court has held that the display of a single photograph is impermissibly suggestive as set forth in *Bradley v. State*, 152 Ga. App. 902, 903 (264 SE2d 332)

(1980), the record indicates that this conviction was not based solely on the identification of the appellant by the officer, but also on separate testimony by one of the passengers and the fact that the vehicle in question was co-registered to Brittian. Moreover, the fact that the police officers were shown the photograph of Brittian separately reduced the likelihood of irreparable misidentification.

In this case, while the use of a single photograph for identification purposes was error, it was harmless based on the totality of the circumstances. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accordingly, based on the evidence, the jury was authorized to find Brittian guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 2, 2005.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Mark G. Hatton, Assistant District Attorney*, for appellee.