## A09A2389. WRIGHT v. THE STATE.
(690 SE2d 220)

MILLER, Chief Judge.

A jury found Rico Wright guilty of two counts of aggravated assault (OCGA § 16-5-21 (a) (2)). Following the denial of his motion for new trial, as amended, Wright appeals, challenging the sufficiency of the evidence and arguing that the trial court erred in admitting similar transaction evidence, hearsay evidence and testimony about the victim's pre-trial identification of Wright, which was impermissibly suggestive. Wright also contends that trial counsel was ineffective. Finding that the evidence was sufficient to support Wright's convictions beyond a reasonable doubt and otherwise discerning no error, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation omitted.) *Osborne v. State*, 291 Ga. App. 711 (1) (662 SE2d 792) (2008).

Viewed in this light, the record shows that on the evening of September 20, 2006, Chad Blue was riding his bicycle when he encountered Wright and two other men, who ran out of a car armed with guns, stopping Blue in his path. Blue was previously acquainted with Wright through Wright's sister and had attended a party at which Wright was present two days prior. When Wright pointed his gun at Blue, one of the men said, "shoot that ---, Ric," and Blue got off his bicycle and started running. A shot was fired. Blue continued running, but on coming to a stop, he thought he had been hit in the back because he had extreme pain but could find no blood. Blue was taken to the hospital and it was determined that he had been wounded in the area of his left inner thigh and his right testicle. Also, viewed in the light most favorable to the verdict, it appears that

---

[7] (Punctuation omitted.) *Kim v. State*, 298 Ga. App. 402, 404 (2) (680 SE2d 469) (2009).

Wright fired the round that struck Blue. That same evening, Officer Stacy Sapp of the City of Dublin Police Department responded to the scene of the shooting and, with knowledge that Blue had identified Wright as his assailant, thereafter went to the hospital to speak with the victim. Showing Blue a photograph of Wright which she had obtained from her office computer, Officer Sapp asked Blue, "[I]s this the Rico Wright who shot you[?]" Blue stated "yes," identifying Wright as his assailant. Blue also identified Wright at trial as the person who shot him.

The State introduced similar transaction evidence for the purpose of showing Wright's course of conduct and bent of mind.

Wright testified on his own behalf and presented an alibi defense that he was at home between 10:00 p.m. and midnight, and was talking on the telephone to his girlfriend around midnight.

1. Wright contends that the evidence was insufficient to sustain his convictions. We disagree.

Count 1 of the indictment charged Wright with aggravated assault in that he "did unlawfully make an assault by committing a violent injury upon Chad Blue, with a gun, a deadly weapon. . . ." See OCGA §§ 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he . . . assaults . . . [w]ith a deadly weapon. . . ."); 16-5-20 (a) (1) ("A person commits the offense of simple assault when he . . . [a]ttempts to commit a violent injury to the person of another. . . ."). Blue's testimony that one of the males with Wright said, "shoot that ---, Ric" as Wright pointed the gun at Blue, whereupon a shot was subsequently fired wounding Blue was sufficient circumstantial evidence that Wright committed a violent injury to Blue. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").

Count 2 of the indictment also charged Wright with aggravated assault in that he "did unlawfully make an assault upon the person of Chad Blue, with a gun, a deadly weapon, by placing . . . Chad Blue in reasonable apprehension of immediately receiving a violent injury[.]" See OCGA § 16-5-21 (a) (2). The victim's testimony that he was afraid he would be shot when Wright pointed his gun at him sufficed to convict Wright of Count 2, aggravated assault. Consequently, we conclude that a jury could have found Wright guilty beyond a reasonable doubt of two counts of aggravated assault. Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wright argues that the trial court erred in admitting similar transaction evidence because the State's proof was inadequate to show (i) course of conduct and bent of mind and (ii) sufficient similarity between the prior offense and the charged crimes. This argument fails.

We review a trial court's decision to admit evidence of a similar

transaction for an abuse of discretion. *Card v. State*, 273 Ga. App. 367, 369 (2) (615 SE2d 139) (2005). "We review for clear error a trial court's factual determination that a prior crime was sufficiently similar to the charged crime." (Footnote omitted.) *Johnson v. State*, 276 Ga. App. 505, 509 (3) (b) (623 SE2d 706) (2005).

> In order for evidence of a similar transaction to be admissible, the State must demonstrate the following: (1) the evidence is admitted for a proper purpose; (2) sufficient evidence exists to establish the accused committed the independent act; and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter.

(Footnote omitted.) *Breland v. State*, 287 Ga. App. 83, 84-85 (1) (651 SE2d 439) (2007).

The evidence of which Wright complains relates to his prior conviction of battery and criminal trespass entered on a guilty plea, which arose out of an incident initially charged as aggravated assault and criminal trespass. During the similar transaction hearing, the State proffered evidence that in February 2006 in Dublin, Wright confronted David Maddox and his family over some money Wright claimed they owed him. Wright became upset and took Maddox's car keys out of Maddox's vehicle, kicking out the car's rear window and choking Maddox. Wright does not dispute that he committed the prior offense but objected to the sufficiency of the evidence by proffer, arguing that Maddox should have been present at the hearing to testify. As the State pointed out, and the trial court correctly concluded, "[w]e have repeatedly approved of such a procedure[ to present evidence by proffer]." (Citations and punctuation omitted.) *Hinton v. State*, 290 Ga. App. 479, 481 (2) (659 SE2d 841) (2008).

As such, we find that the State introduced the prior offense for a proper purpose, i.e., course of conduct and bent of mind. Further, sufficient similarities exist between the prior offense and the instant offense. Both incidents involved a disagreement between Wright and an acquaintance whereby Wright offered forcible violence, unprovoked by the other party, following a dispute concerning the return of personal property, to which Wright felt he was entitled. While the disagreement as to the former offense concerned unpaid monies, and the instant offense involved a gun, these differences are not controlling because we are required to focus on the similarities between the two offenses and the relevance of the prior offense to the issues at trial. See *Cotton v. State*, 297 Ga. App. 664, 665 (1) (678 SE2d 128) (2009); *Johnson*, supra, 276 Ga. App. at 509 (3) (b). Insofar as Wright

presented an alibi defense denying that he committed the crimes, his prior conviction "was clearly probative and admissible evidence as to the limited issue of his course of conduct and bent of mind." *Sultenfuss v. State*, 185 Ga. App. 47, 49 (2) (363 SE2d 337) (1987). Accordingly, the trial court did not err in admitting the State's similar transaction evidence. *Card*, supra, 273 Ga. App. at 370 (2); *Johnson*, supra, 276 Ga. App. at 509 (3) (b).

3. Wright contends that the trial court erred in admitting the victim's statement that Wright was "gonna shoot somebody else with [the gun]" because it was hearsay and extrinsic evidence which improperly placed his character in issue. We disagree on both grounds.

"The admission of evidence lies within the sound discretion of the trial court, and we will not reverse such determinations absent abuse of that discretion." (Footnote omitted.) *Santana v. State*, 283 Ga. App. 696, 698 (1) (642 SE2d 390) (2007).

Here, when the State asked the victim why he took the gun from Wright, the victim responded, "Cause I was . . . told that he was gonna shoot somebody else with it." Wright's trial counsel then objected on hearsay grounds, and in response, the State indicated that it was not trying to prove the truth of the matter asserted, but to show the victim's motive in taking Wright's gun because he had "fears and concerns" regarding Wright's future actions. The trial court overruled the objection. Inasmuch as the State was not seeking to prove the truth of the matter asserted, but merely to explain the victim's conduct in hopes that Wright would not harm another, the evidence was not hearsay. See *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990) (testimony is hearsay "only if the witness is testifying to another party's statement in order to prove . . . the truth of that statement") (citations omitted). Further, Wright did not object to the statement on character grounds, and thus, this argument is waived on appeal. *Brittian v. State*, 274 Ga. App. 863, 864 (2) (619 SE2d 376) (2005) ("It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial.") (citation and punctuation omitted). As such, the trial court did not abuse its discretion in admitting the foregoing statement.

4. Wright argues that the trial court erred in allowing Officer Sapp to testify about the victim's pre-trial identification of him, which was based on an impermissibly suggestive procedure: the display of Wright's photograph. Wright argues that, even in the absence of an objection, this was "plain error" and requires reversal of his convictions. We disagree.

It is undisputed that trial counsel failed to object to Officer Sapp's testimony about her display of a single photograph to the

victim at the hospital and the victim's identification of Wright on that basis. The issue is therefore waived on appeal. *Brittian*, supra, 274 Ga. App. at 864 (2).

Even assuming that Wright's counsel had preserved the matter for appeal, a conviction which relies on eyewitness identification at trial following a pre-trial photographic identification will be reversed "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Brittian*, supra, 274 Ga. App. at 864 (2). Although we have held that the display of a single photograph to a witness is impermissibly suggestive (*Bradley v. State*, 152 Ga. App. 902, 903 (264 SE2d 332) (1980)), the victim had an independent basis for his identification of Wright as he previously met him through Wright's sister and also attended a social gathering with Wright just two days prior to the shooting. Further, the victim had observed Wright with dreadlocks on the date of the shooting, and indicated to Officer Sapp that Wright had dreadlocks, as depicted in the photograph. See *Ford v. State*, 285 Ga. App. 106, 108 (1) (b) (645 SE2d 590) (2007) ("[E]ven if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin.") (citation and punctuation omitted). While the officer's display of a single photograph to the victim was error, under the totality of the circumstances, we find it to be harmless. See *Brittian*, supra, 274 Ga. App. at 865 (2) (identification of defendant was independently supported by testimony of a passenger and the fact that vehicle was co-registered to defendant).

5. Wright contends that his trial counsel was ineffective for failing to subpoena his telephone records to support his alibi defense. This enumeration lacks merit.

"In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's performance, the result of the proceeding would have been different." (Citations omitted.) *Hubbard v. State*, 259 Ga. App. 275, 278-279 (5) (576 SE2d 663) (2003). "[W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) *Ortiz v. State*, 295 Ga. App. 546, 550 (4) (672 SE2d 507) (2009).

Here, both Wright and Wright's mother gave testimony that he was home at approximately 11:57 p.m. on the night of the shooting, and that Wright was in his bedroom talking on the telephone to his girlfriend close to midnight. Wright also testified that he returned

VALELAW LIBRARY

home at approximately 10:00 p.m. and denied seeing the victim that evening. Given that there was sufficient evidence to support Wright's alibi defense, we cannot conclude that trial counsel was deficient in failing to obtain Wright's telephone records, particularly where the victim could not say what time the shooting occurred. Moreover, since the transcript from the new trial hearing was not contained in the record on appeal, we presume that the trial court's findings on this ground were supported by the evidence. See *Wright v. State*, 294 Ga. App. 20, 22 (4) (b) (668 SE2d 505) (2008) (absent a transcript of the motion for new trial or testimony from trial counsel, presumption is that defendant "failed to meet his burden of proving . . . alleged ineffective acts and that the trial court correctly denied the motion for new trial on that ground") (citation and punctuation omitted). Accordingly, we conclude that the trial court did not clearly err in finding that trial counsel was not deficient for failing to subpoena Wright's telephone records. See *Hubbard*, supra, 259 Ga. App. at 280 (5); *Ortiz*, supra, 295 Ga. App. at 550 (4).

Based on the foregoing, we affirm the trial court's order denying Wright's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 25, 2010.

*Judson L. Green IV*, for appellant.
*Louie C. Fraser, District Attorney, Robert B. Faircloth, Assistant District Attorney*, for appellee.