## A99A0669. FAVORS v. THE STATE.
### (518 SE2d 444)

RUFFIN, Judge.

A DeKalb County jury convicted Demetrius Favors of aggravated assault, but acquitted him of armed robbery. The trial court denied Favors' motion for new trial and Favors appeals, contending that the evidence was insufficient to support his conviction and that he received ineffective assistance of trial counsel. Favors' contentions lack merit, and we affirm.

1. On appeal from a criminal conviction, this Court neither weighs the evidence nor determines witness credibility, but merely determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Warren v. State*, 232 Ga. App. 488 (2) (502 SE2d 336) (1998). The defendant no longer enjoys a presumption of innocence, and we construe the evidence in the light most favorable to upholding the verdict. Id.; *Rivers v. State*, 229 Ga. App. 12, 14 (2) (493 SE2d 2) (1997).

So construed, the evidence shows that on September 9, 1995, the victim, John Humphrey, was paged by his ex-girlfriend, Tonya Broadnax. Rather than phoning Broadnax, Humphrey and his friend, Winifred Hill, drove to Broadnax's house. Humphrey went inside, spoke briefly with Broadnax, and left the house.

Favors, who also had dated Broadnax, was at Broadnax's house, too. Favors followed Humphrey out of the house to Humphrey's car. According to Hill, Humphrey and Favors exchanged curse words as they approached the car. Both Humphrey and Favors took off their shirts as if preparing to fight. Favors wore a gun holster with a loaded pistol under his shirt. Humphrey testified that he decided not to fight Favors after he saw the gun.[1] Both Humphrey and Hill testified that Hill separated Humphrey and Favors and that Humphrey got back into the car.

Once Humphrey was seated in the driver's seat, Favors broke the window of the car. According to Humphrey, Favors used the pistol to break the window and then put the gun to Humphrey's head, stating "I don't know how you going to get out of here. I ought to go on and kill you." Hill recalled that Favors "said something like 'what you going to do now, mother f—er. What you going to do now. I got this sh-t in your face.' " Both Hill and Humphrey testified that Favors proceeded to hit Humphrey in the face with the gun. Although Humphrey's car began rolling slowly backwards, Favors stayed with the car and continued hitting Humphrey until the car ran into some trees. The emergency room doctor who treated Humphrey testified

---

[1] The testimony is undisputed that the gun was fired at some point during the altercation, but there is no evidence that Favors fired the gun toward Humphrey.

that, when Humphrey arrived at Grady Hospital, his eyes were almost swollen shut and his face was lacerated. Subsequent x-rays showed that Humphrey had a fracture of his right eye socket and a broken cheek bone.

Favors, testifying in his own behalf, admitted that he followed Humphrey to his car, but said that he was just trying to shake Humphrey's hand. According to Favors, he punched Humphrey with his fist only after Humphrey pushed him. Although Favors admitted that he had a gun, he denied hitting Humphrey with it. Rather, he said that he took the gun out of the holster only when he thought Humphrey was reaching for a gun in the car.

A person is guilty of assault if he "[c]ommits an act which places another in reasonable apprehension of immediately receiving violent injury." OCGA § 16-5-20 (a) (2). If a deadly weapon is used to place another in fear of receiving a violent injury, the offense is elevated to aggravated assault. *Doss v. State*, 166 Ga. App. 361, 362 (1) (304 SE2d 484) (1983). A pistol is a deadly weapon. *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981); *Veal v. State*, 191 Ga. App. 445, 446 (2) (382 SE2d 131) (1989). "[T]here is no requirement that the victim actually be injured by the deadly weapon before a conviction for aggravated assault is authorized." *Gilbert v. State*, 209 Ga. App. 483, 484 (1) (433 SE2d 664) (1993). Thus, by pointing a pistol at Humphrey's head, Favors committed the offense of aggravated assault. Accordingly, there was sufficient evidence for a rational finder of fact to find Favors guilty of aggravated assault beyond a reasonable doubt.

2. Favors challenges the effectiveness of trial counsel in failing to file any written request to charge on the offense of battery, which Favors contends is a lesser included offense of aggravated assault. During deliberations, the jury submitted a request for the definition of battery. After discussing the matter with trial counsel, the trial court instructed the jurors regarding simple battery. Favors now claims that, given the extent of Humphrey's injuries, his trial counsel rendered ineffective assistance in failing to request a charge on battery rather than simple battery. We disagree.

To establish a claim of ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Favors bears the burden of showing that his trial counsel's actions fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his counsel's deficient performance, the result of the trial would have been different. *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995). In meeting his burden, Favors must overcome a strong presumption that his trial counsel's actions fell within a wide range of reasonable professional conduct. *Milliken v. State*, 230 Ga. App. 810, 813 (2) (b)

(498 SE2d 127) (1998).

Favors essentially contends that the pistol-whipping of Humphrey could have constituted either assault or battery, which is defined as "intentionally caus[ing] substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). As Favors caused visible bodily injury to Humphrey, the jury could have convicted Favors of battery. *Fulton v. State*, 232 Ga. App. 898, 899 (1) (503 SE2d 54) (1998). However, Favors did more than just hit Humphrey. Before hitting him, Favors placed a loaded gun next to Humphrey's head and uttered threatening words. This separate act, completed before Favors began striking Humphrey, constitutes aggravated assault. See *Malone v. State*, 226 Ga. App. 185, 186-187 (486 SE2d 57) (1997). Unlike the pistol-whipping incident, battery is *not* a lesser included offense of this separate act of aggravated assault. *Mitchell v. State*, 187 Ga. App. 40, 44 (5) (369 SE2d 487) (1988). This is true notwithstanding the fact that a battery subsequently occurred. Id. Because battery was not a lesser included offense in Favors' act of holding a loaded gun to Humphrey's head, the trial court was not required to charge the jury with regard to battery. See *Hall v. State*, 264 Ga. 85, 86 (4) (441 SE2d 245) (1994). Accordingly, Favors' attorney did not render ineffective assistance in failing to request such a charge. *Slaughter v. State*, 227 Ga. App. 739, 741-742 (3) (a) (490 SE2d 399) (1997).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 25, 1999.

*Cynthia A. Price*, for appellant.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Robert M. Coker, Assistant District Attorneys*, for appellee.