A99A1666. PARROTT v. THE STATE.
(523 SE2d 29)

BLACKBURN, Presiding Judge.

Carey Parrott appeals his jury conviction of financial transaction card theft and giving a false name to a police officer. Parrott contends that: (1) the trial court erred by admitting a bench warrant into evi-

dence for the prosecution after the State had not satisfied its discovery obligations under OCGA § 17-16-4 (a) (3); and (2) the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

Viewing the evidence in the light most favorable to the verdict, Kim Ingel reported her Visa credit card stolen in late September 1997. On September 26, 1997, an Athens police officer made a routine traffic stop on a car in which Parrott was a passenger. When the officer asked Parrott for his name, he responded "Brandon Parrott," which the officer knew to be false. Parrott was then arrested for giving a false name to a police officer, at which point the officer found Kim Ingel's Visa in Parrott's possession.

When Parrott did not appear for calendar call on October 16, 1998, a bench warrant was issued for his arrest. Although Parrott was aware of the bench warrant, the first time the State notified him of its intention to use the bench warrant at trial was when it was introduced as evidence. The trial court ruled that the State had failed to meet the prosecution's discovery obligations under OCGA § 17-16-4 (a) (3), thus giving rise to the remedies provided in OCGA § 17-16-6. Under the latter, the Court may "order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed." OCGA § 17-16-6. In accordance with those statutes, the trial court offered Parrott a continuance, which was refused by defense counsel on the basis that the evidence should be excluded altogether.

1. When reviewing a trial court's decision on corrective actions to remedy "the State's failure to comply with its discovery obligations, the appropriate standard of review is whether the trial court abused its discretion." *Williams v. State*, 226 Ga. App. 313, 314 (1) (485 SE2d 837) (1997). Since the trial court in this case offered a continuance, the only possible way it abused its discretion is by failing to exclude the evidence.

Generally, "in order to trigger the harsh sanction under OCGA § 17-16-6, of excluding evidence improperly withheld from the defense, there must be a showing of prejudice to the defense and bad faith by the State." *Blankenship v. State*, 229 Ga. App. 793, 794 (494 SE2d 758) (1997).

Parrott contends that admission of the bench warrant was prejudicial because the prosecution used it to show intent, a necessary element of financial transaction card theft, and that notice to the defense counsel would have allowed a better rebuttal of that point. The trial court, however, offered a continuance to cure any prejudice caused by lack of notice. Defense counsel made no showing of

prejudice beyond that which could be cured by a continuance, and for that reason, the trial court was without authority to exclude the evidence. *Tucker v. State*, 222 Ga. App. 517, 518-519 (3) (474 SE2d 696) (1996).

Parrott also contends that the State demonstrated bad faith when it introduced the bench warrant at trial. Parrott asserts that the prosecutor may have been attempting to draw attention away from the bench warrant by not including it on the list of discovery items. No evidence, however, is offered to support that theory. Parrott further asserts that the manner in which the State introduced the evidence at trial constitutes bad faith. The prosecutor simply showed it to defense counsel and then stated that he wanted it admitted into evidence. That conduct is not sufficient to constitute bad faith. As the trial court did not abuse its discretion when it ruled the evidence was not sufficiently prejudicial to Parrott, nor was there bad faith on the part of the State, we find no error.

2. Parrott further contends that the State's evidence was insufficient. The defendant's theory is premised on exclusion of the bench warrant and, for that reason, lacks merit.

> On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.

*Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Review of the record reveals that there is sufficient evidence to support the jury's verdict.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 28, 1999.

*Joel N. Shiver*, for appellant.
*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.