A00A0663. ROBERTS v. THE STATE.
(534 SE2d 526)

BARNES, Judge.

Wayne Douglas Roberts was arrested and indicted for armed robbery, three aggravated assault counts, four kidnapping counts, and one weapons charge. He was convicted of armed robbery, one count of aggravated assault, and one count of possessing a weapon while committing a crime. Roberts appeals, alleging his trial counsel was ineffective, the evidence was insufficient, and the trial court

---

erred in admitting into evidence his jail intake medical screening form. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in that light, the evidence at trial established that a masked man entered a Taco Bell restaurant on the morning of March 23, 1998. He brandished a gun at three employees and herded them into a cooler in the back of the store and then made a fourth employee unlock the store safe before pushing her back into the cooler with her co-workers. The robber took off his mask, removed $900 to $1,000 from the safe, and left in a blue, four-door Volkswagen driven by another man. A store security camera filmed the incident and the getaway car.

An investigator testified that he had been working on several armed robberies involving Taco Bells, including this one, and that he had received several tips that a man named Jammie Verdree was involved. After Verdree's mother identified him from video stills of the robbery, the investigator obtained an arrest warrant for Verdree. Another investigator arrested Verdree at his girlfriend's house; Roberts was present during the arrest. While searching the house, the investigator discovered and took possession of a gun matching the description the robbery victims had given him.

The next day, Roberts called the investigator to explain that he owned the gun and needed to retrieve it for his security job. The investigator invited him to come to the station to talk about it, and Roberts did so. While they were talking, Roberts mentioned that he owned a blue, four-door Volkswagen, and the investigator began questioning him more closely about the robbery. Eventually, after receiving *Miranda* warnings, Roberts gave a statement in which he admitted that he lent Verdree his gun, drove him to the Taco Bell knowing he was planning to rob it, and then drove him away afterwards.

1. We conclude that the evidence outlined above was sufficient for a rational trier of fact to find Roberts guilty beyond a reasonable doubt of being a party to armed robbery, aggravated assault, and possessing a weapon while committing a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Roberts argues that he was denied effective assistance of counsel because his trial attorney failed to file a motion to suppress his statement, failed to impeach the arresting officer's testimony, failed to object to the State's leading questions, failed to read the State's file, and failed to subpoena a doctor to authenticate Roberts'

medical condition. To establish a claim of ineffective assistance of counsel, Roberts must show both that counsel's performance was deficient and that, but for the deficient performance, a reasonable probability exists that the results of the proceedings would have been different. *Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996).

The record shows that the issue of ineffective assistance of trial counsel was raised in a timely fashion in the motion for new trial filed by Roberts' appellate counsel and that the trial judge denied the motion after a hearing. Generally, if the claim of ineffectiveness relates to matters outside of the record, then trial counsel's testimony will usually be needed. If the claim involves matters during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required. *Dawson v. State*, 258 Ga. 380, 381 (3) (369 SE2d 897) (1988).

(a) As to Roberts' claim that his trial counsel was ineffective for failing to file a motion to suppress his statement on the ground that it was not voluntary, the trial transcript reveals that the judge held a *Jackson-Denno* hearing mid-trial, heard testimony from the arresting officer and Roberts, and found that Roberts' statement was voluntary. Roberts has therefore not shown any prejudice resulting from trial counsel's failure to file a pretrial motion to suppress his statement.

(b) Roberts contends his trial counsel was ineffective for failing to subpoena his doctor to authenticate that he has insulin-dependent diabetes that had been rendered unstable by bronchitis medication, causing him to be confused during the arresting officer's questioning. Because the doctor did not testify at trial or apparently at the motion for new trial hearing, no evidence in the record supports Roberts' claim that the doctor's testimony would have shown he was suffering from mental confusion when he admitted lending his gun to Verdree and driving him to and from the robbery. See *Letson v. State*, 236 Ga. App. 340, 341-342 (2) (512 SE2d 55) (1999). As a result, the trial court did not err when it denied this portion of Roberts' claim that his counsel was ineffective.

(c) As to Roberts' remaining claims of ineffective assistance, in the absence of a transcript of the new trial hearing, we must assume that he failed to meet his burden of proving these alleged ineffective acts and that the trial court correctly denied the motion for new trial on that ground. *Williamson v. State*, 234 Ga. App. 658 (1) (507 SE2d 765) (1998).

3. Roberts contends the trial court erred in admitting the intake medical form he filled out before he was admitted to the county jail because the State failed to give him a copy of the form before trial.

OCGA § 17-16-4 (a) (3) directs the State to permit the defendant

to inspect and copy papers and documents that are "within the possession, custody, or control of the state or prosecution and are intended for use by the prosecuting attorney as evidence in the prosecution's case-in-chief or rebuttal at the trial. . . ." If the State fails to comply with OCGA § 17-16-4 (a) (3), the trial court may grant the defendant a continuance or prohibit the State from introducing the evidence it improperly withheld from the defense, if the defendant shows prejudice to himself and bad faith by the State. OCGA § 17-16-6. *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996).

Roberts did not seek a continuance. The trial court noted that the State had an open file policy, that Roberts could have examined the form any time before trial, and that the State probably did not intend to introduce the form until Roberts testified. Further, Roberts did not show he was prejudiced or the State acted in bad faith. Consequently, the trial court did not err, under OCGA § 17-16-6, in denying Roberts' motion to exclude the form from evidence at trial. *Parrott v. State*, 240 Ga. App. 173, 174 (1) (523 SE2d 29) (1999).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 8, 2000 —
RECONSIDERATION DENIED JUNE 7, 2000.

*Ellis R. Garnett,* for appellant.

Wayne D. Roberts, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.