## A06A2390. WAFFORD v. THE STATE.

(640 SE2d 727)

ADAMS, Judge.

Kenny Bernard Wafford appeals the judgment of conviction entered against him for armed robbery, possession of a firearm or knife during the commission of a felony, and giving a false name. Wafford claims that the trial court erred in denying his motion for new trial because he received ineffective assistance of trial counsel. We disagree and affirm.

Following his arrest, the trial court ordered that Wafford's mental state be evaluated by the Forensic Division of the Georgia Regional Hospital. Wafford was initially evaluated by forensic psychologist Dr. Theresa Sapp, who concluded that he suffered from a type of psychosis and was not then competent to stand trial. The trial court ordered that Wafford be hospitalized and that the Department of Human Resources treat his mental illness. Wafford subsequently filed a special plea of mental incompetency to stand trial. Pursuant to OCGA § 17-7-130 (a), the issue was tried by a jury, which found Wafford competent to stand trial. Among the evidence presented at trial was that Wafford was "malingering," which a state witness defined as "when a person makes a deliberate attempt to appear to have a disorder that he or she really does not have in order to obtain secondary gain — for example, . . . to evade criminal prosecution." The case proceeded to a bench trial in which the facts were stipulated to the court, and the trial court found Wafford guilty of all charges.

1. Wafford contends that he received ineffective assistance during the competency trial because his trial counsel (i) did not meet with defense expert witness Dr. James E. Stark before the day of trial or ask Dr. Stark to test Wafford for malingering; (ii) failed to conduct pre-trial interviews of Dr. Sapp, Dr. Constance McKee, and state expert witness Dr. Adriana Flores; and (iii) failed to call Dr. Sapp or Dr. McKee as defense witnesses. "To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." (Citations omitted.) *Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002). "In making this showing, [Wafford] must rebut by clear and convincing evidence the strong presumption that his attorney was effective." (Citation omitted.) *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005). The standard of our review of the trial court's determination of the effectiveness of counsel is whether its findings are clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

(a) Wafford contends that his trial counsel entirely failed to subject the prosecution's case in the competency trial to meaningful adversary testing, and that as a result prejudice on account of his trial counsel's deficiencies should be presumed and need not be specifically shown. See *United States v. Cronic*, 466 U. S. 648, 659-661 (104 SC 2039, 80 LE2d 657) (1984); *Franks v. State*, 278 Ga. 246, 256-257 (2) (B) (599 SE2d 134) (2004). We disagree. "Our Supreme Court has explained that an entire failure to test the state's case means a complete failure of performance and must occur throughout the proceeding and not merely at specific points." (Punctuation and footnote omitted.) *Machuca v. State*, 279 Ga. App. 231, 236 (2) (630 SE2d 828) (2006). Here, defense counsel filed pre-trial discovery motions, obtained an order for Wafford's mental evaluation, hired a forensic psychologist to evaluate Wafford's competency, presented and examined witnesses, cross-examined the state's witnesses, and made a closing argument. Since the record shows that Wafford's trial counsel subjected the prosecution's case to meaningful adverse testing, he is not relieved from establishing prejudice attributable to his trial counsel's allegedly deficient performance. Id. at 237 (2).

(b) Wafford contends that his trial counsel did not adequately prepare expert witness Dr. Stark for trial. We disagree. Wafford's trial counsel testified that he met with Dr. Stark on the day of the competency trial to go over questions, and that he had previously communicated with Dr. Stark by e-mail and by telephone. Although the trial court concluded that Dr. Stark was not believable, he also found that defense counsel "could [not] have prepared Dr. Stark any

better," and was not ineffective insofar as "what happened with [the] expert[ ]." The trial court's finding is not clearly erroneous.

Wafford also contends that he received ineffective assistance of counsel because his trial counsel did not ask Dr. Stark to test Wafford for malingering. However, even if we assume that trial counsel's performance was deficient, Wafford can only speculate as to the results of the test and thus "cannot meet his burden of affirmatively showing how trial counsel's failure affected the outcome of his case." (Citation, punctuation and footnote omitted.) *Poston v. State*, 274 Ga. App. 117, 119 (2) (617 SE2d 150) (2005).

(c) Wafford argues that he received ineffective assistance because his trial counsel failed to interview Dr. Flores, Dr. Sapp, or Dr. McKee. Trial counsel reviewed these doctors' written evaluations before trial. We cannot say that trial counsel's failure to also personally interview them before trial fell below an objective standard of reasonableness. See, e.g., *Lovelace v. State*, 262 Ga. App. 690, 695 (6) (b) (586 SE2d 386) (2003). Further, even if we assume that trial counsel's failure to interview the doctors constituted deficient performance, Wafford fails to establish how his case was prejudiced as a result. See *Huff v. State*, 274 Ga. 110, 112 (3) (549 SE2d 370) (2001) (although trial counsel did not interview a witness, he failed to show how the outcome of the trial would have differed had trial counsel interviewed the witness before trial).

(d) Wafford further claims he received ineffective assistance because his trial counsel did not call Dr. Sapp and Dr. McKee as defense witnesses in the competency trial. In order to show the prejudicial effect of counsel's failure to call a witness, Wafford is "required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Wafford cannot make that affirmative showing here. While both doctors evaluated Wafford and found him to be incompetent at the time of the evaluation, trial counsel was able to introduce their findings to the jury through the testimony of other witnesses, and he argued the doctors' findings of incompetency to the jury in closing argument. Wafford provides no evidence that had Dr. Sapp or Dr. McKee testified that they would have continued to stand by their earlier diagnoses notwithstanding the extensive evidence of Wafford's malingering that had been introduced by the state. Rather, neither Dr. Sapp nor Dr. McKee were called as witnesses at the hearing on motion for new trial, and Wafford made no proffer as to what either doctor's testimony would have been had they been called to testify. Thus, Wafford cannot establish that if his trial counsel had called either doctor as witnesses at the competency trial that their testimony would have affected the outcome of his case. See *Pringle v.*

*State*, 281 Ga. App. 230, 234 (2) (a) (635 SE2d 843) (2006) (absent a proffer of what the expert witness's testimony would have been at trial, defendant could not show a reasonable probability that the outcome of the trial would have been different).

2. Wafford further contends that his trial counsel was ineffective by allowing him to waive his right to a jury trial and agree to a stipulated bench trial. In particular, he complains his trial counsel could not have believed that Wafford could knowingly waive his rights to a jury trial and to confront the witnesses against him, and that his assistance was therefore ineffective. We disagree. As a general rule, a trial counsel's decision to recommend a bench trial is a strategic and tactical decision that falls within the broad range of reasonable professional assistance, and Wafford does not show that trial counsel's recommendation was objectively unreasonable here. See *Marshall v. State*, 253 Ga. App. 645, 646 (560 SE2d 118) (2002). Although trial counsel testified at the hearing on the motion for new trial that he continued to believe that Wafford was incompetent notwithstanding the jury's findings, he also realized the case was going forward, he gave Wafford what he believed to be appropriate legal advice, and he then took deliberate steps to ensure that Wafford understood the rights that he was waiving by agreeing to a stipulated bench trial. According to Wafford's trial counsel, during the course of at least an hour-long meeting with Wafford he was able to "get through [the] process" of explaining Wafford's legal right to confront witnesses, during which Wafford "gave the responses he needed to be able to give." Before the bench trial, the trial court questioned Wafford at length and found that Wafford had knowingly, willingly, and voluntarily waived his rights to a trial by jury and had agreed that the case should be submitted to the trial court on a stipulated basis. Under the circumstances, "[t]he trial court did not err in concluding that [Wafford] failed to carry his burden of showing that his counsel's performance was deficient insofar as the decision to pursue a bench trial rather than a jury trial." *Mallon v. State*, 266 Ga. App. 394, 396 (1) (597 SE2d 497) (2004).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JANUARY 3, 2007.

*Karen E. Beyers*, for appellant.

*Daniel J. Porter, District Attorney, Brooke O. Langston, Assistant District Attorney*, for appellee.