## S06A1725. WILLINGHAM v. THE STATE.
### (642 SE2d 43)

BENHAM, Justice.

Marko A. Willingham appeals from his convictions for felony murder and aggravated assault arising from an attempted armed robbery and the shooting death of Willie Jackson.[1] The evidence at trial showed Willingham tried to recruit his friend Norris Belcher to participate in an armed robbery, then successfully recruited his sister Shedreka to participate in the crime. The target of the robbery was a house from which Jackson and his companion sold cigarettes, cigars, soft drinks, and snacks. As planned, Willingham's sister entered the house and made a purchase. As she began to leave, Willingham

---

[1] The crimes were committed on October 22, 2002, and Willingham was arrested on October 24. A Walton County grand jury indicted Willingham on November 8, 2002, for malice murder; five counts of felony murder, with aggravated assault underlying four counts and criminal attempt to commit armed robbery underlying one count; four counts of aggravated assault; and one count of criminal attempt to commit armed robbery. A trial conducted May 12-16, 2003, resulted in a jury finding Willingham guilty of felony murder (criminal attempt to commit armed robbery), two counts of aggravated assault, and criminal attempt to commit armed robbery. The trial court sentenced Willingham on May 16, 2003, to life imprisonment for murder and to a consecutive term of 20 years for aggravated assault (using a deadly weapon to place Jackson in reasonable apprehension of a violent injury), and ruled that the other aggravated assault (with intent to rob, placing Jackson in reasonable apprehension of a violent injury) count and the criminal attempt to commit armed robbery count merged into the felony murder. Willingham filed a timely motion for new trial on June 5, 2003, which motion was denied on May 3, 2006. Pursuant to Willingham's notice of appeal, timely filed on May 25, 2006, the record was transmitted to this Court and the appeal, docketed on June 16, 2006, was submitted for decision on the briefs.

entered, wearing black clothes and a mask and carrying a pistol, and said to Jackson, "Give it up." Jackson began struggling with Willingham, trying to eject him, and was fatally shot, whereupon Willingham fled. His sister gave several different versions of the events to police officers but eventually identified Willingham as Jackson's killer, and did so again at trial. After Willingham fled Jackson's house, he told Belcher about the shooting and where he had hidden the weapon. When questioned, Belcher told the police where the gun was hidden. The gun found behind Willingham's home pursuant to that information was the weapon that killed Jackson. After his arrest, Willingham admitted the armed robbery attempt, but claimed the pistol fired when he dropped it during the struggle. At trial, Willingham testified Belcher attempted to recruit him to assist in the armed robbery which was actually committed by a person known to him only as "Dred."

In Willingham's sole enumeration of error on appeal, he contends the evidence was not sufficient to support his convictions. Specifically, he asserts that the testimony of Willingham's sister Shedreka and that of Norris Belcher are so conflicting and self-serving that a rational trier of fact could not find Willingham guilty on the basis of their testimony. Thus, his argument is that the evidence at trial was not sufficiently credible to support his conviction. However, "on appeal, the function of this Court is not to weigh the evidence or resolve conflicts in trial testimony; this Court is to examine the evidence in the light most favorable to the verdict and to determine whether it is legally sufficient to uphold a finding of the defendant's guilt." *Brewer v. State*, 280 Ga. 18, 19 (1) (622 SE2d 348) (2005). Applying that standard to the present case, the evidence that Willingham planned and attempted an armed robbery and that Jackson was killed during that attempted robbery with Willingham's pistol was sufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of felony murder with criminal attempt to commit armed robbery as the underlying felony. *Fortson v. State*, 280 Ga. 435 (1) (629 SE2d 798) (2006).

> A person is guilty of assault if he "commits an act which places another in reasonable apprehension of immediately receiving violent injury." [Cit.] If a deadly weapon is used to place another in fear of receiving a violent injury, the offense is elevated to aggravated assault. [Cit.] A pistol is a deadly weapon. [Cits.]

*Favors v. State*, 238 Ga. App. 234, 235 (1) (518 SE2d 444) (1999). "[R]easonable apprehension of injury . . . can be proved by circumstantial or indirect evidence as well as by direct or positive evidence.

[Cit.] Indeed, the presence of a gun 'would normally place a victim in reasonable apprehension of being injured violently.' [Cit.]" *Anthony v. State*, 276 Ga. App. 107, 108 (1) (622 SE2d 450) (2005). The evidence that Willingham threatened Jackson with a pistol under circumstances that would create a reasonable apprehension of receiving a violent injury was sufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of aggravated assault. The aggravated assault conviction did not merge into the felony murder conviction because neither the murder nor the underlying felony of criminal attempt to commit armed robbery required the State to prove the element of reasonable apprehension of receiving a violent injury which is a required element of the aggravated assault count as indicted. *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) (test is whether each offense requires proof of a fact which the other does not).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 5, 2007.

*L. Stanford Cox III*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General,* for appellee.