### A08A1221. WRIGHT v. THE STATE.
(668 SE2d 505)

SMITH, Presiding Judge.

A jury found Percy Wright guilty of aggravated assault and possession of a firearm during the commission of a crime. Following the denial of his motion for new trial, Wright appeals, asserting several claims of error. We affirm.

Construed in favor of the verdict, the evidence showed that the victim had taken his father's car to be repaired by someone near his home when he noticed Wright driving a small red car. The victim had known Wright for several years. Wright drove away and returned a few seconds later, but as a passenger in the car with another man driving. Wright offered the victim a ride to go and purchase some beer. After buying beer, the victim noticed that instead of traveling the same route that the men had taken to the store, the driver made a wrong turn and begin traveling in another direction, "speeding up and . . . slowing down and speeding up." The victim and Wright began to have a conversation in which Wright told the victim about someone he "didn't like and stuff and they [were] going to do something about it that night." The victim responded by telling Wright and the driver about someone he did not like. Wright then pulled out a gun and shot the victim in the mouth, head and chest. The victim was able to grab the gun and jump over the seat before eventually falling out of the car.

Wright testified that the victim told him that he wanted Wright to shoot someone for "some money." When Wright refused and

---

[43] *Lattarulo*, supra at 126 (3).

stated that he was going to tell the person of the victim's intentions, the victim pulled out a gun. Wright claimed that he and the victim began fighting in the car and that he then shot the victim in self-defense.

1. Wright contends that the court erred in allowing evidence of motive. He admits, however, that this enumeration of error has not been preserved for appellate review. Wright made no objection at trial to the State's questioning concerning motive. He has therefore waived appellate review of this issue. See *Nichols v. State*, 288 Ga. App. 118, 119-120 (1) (653 SE2d 300) (2007) (failure to object to evidence at trial results in waiver).

2. Wright contends that the court erred in failing to charge the jury on the language of OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."). He admits that this claim of error was also not preserved for appellate review. See *Johnson v. State*, 229 Ga. App. 586, 587 (2) (494 SE2d 382) (1997) (failure to object to jury charge results in waiver on appeal). Nevertheless, Wright's admission that he shot the victim but did so in self-defense, "removes this case from the rule that a conviction based *entirely* on circumstantial evidence can be affirmed only if every reasonable hypothesis other than guilt is excluded." (Citation, punctuation and footnote omitted.) *Thompson v. State*, 283 Ga. 581, 582 (3) (662 SE2d 124) (2008).

3. Wright contends that the court erred in expressing an opinion as to the evidence presented. During trial, the court admonished counsel in the presence of the jury that Wright's behavior was inappropriate. The State then questioned a witness about Wright's demeanor prior to the shooting. Although Wright failed to object to either the court's admonition or the State's questioning, we will nevertheless analyze this argument under the plain error rule. See *Brooks v. State*, 281 Ga. 514, 516 (2) (640 SE2d 280) (2007) (appellate review not waived where asserted error affects substantive rights). Application of this rule "is limited to death penalty cases and criminal cases in which the trial judge, in violation of OCGA § 17-8-57, has expressed or intimated the judge's opinion as to the guilt of the accused or as to what has or has not been proved." (Citation and punctuation omitted.) Id.

Here, the court did not violate OCGA § 17-8-57. The court warned trial counsel: "How about keeping your clients under control. They think this is a comedy apparently. They're out there laughing and everything." This comment was not directed toward a material issue nor was it an intimation on Wright's guilt or innocence. See *Williams v. State*, 183 Ga. App. 373, 375 (2) (358 SE2d

YALE LAW LIBRARY

914) (1987) (court's statement to jury explaining that defendant was absent from court because of his disruptive behavior did not violate OCGA § 17-8-57); see also *Flantroy v. State*, 231 Ga. App. 744, 746 (3) (501 SE2d 10) (1998) (court's comment that he was "holding his temper" did not violate OCGA § 17-8-57).

4. Wright claims that he was denied effective assistance of counsel.[1] "To prevail on an ineffectiveness claim, an appellant has the burden of showing both that trial counsel's performance was deficient and that, but for this deficiency, a substantial likelihood exists that the outcome of the trial would have been different." (Citation omitted.) *Lopez v. State*, 252 Ga. App. 681, 686 (3) (557 SE2d 1) (2001).

(a) Wright first argues that counsel was ineffective in failing to make objections to the evidence and the court's jury instruction as explained in Division 1. But he states only that counsel failed to object and makes no argument showing how the outcome of the trial would have been different had trial counsel made those objections. Even if counsel's performance here was deficient, Wright has failed to establish the second prong of the test for ineffectiveness of counsel. See, e.g., *Osmer v. State*, 275 Ga. App. 506, 509 (2) (621 SE2d 519) (2005).

(b) Wright also argues that counsel failed to thoroughly cross-examine the victim to show that he "bore an aggressive animosity giving rise to violence." In the absence of a transcript of the motion for new trial or testimony from trial counsel, "we must assume that he failed to meet his burden of proving these alleged ineffective acts and that the trial court correctly denied the motion for new trial on that ground." (Citation omitted.) *Roberts v. State*, 244 Ga. App. 330, 332 (2) (c) (534 SE2d 526) (2000).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 10, 2008.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[1] We note that the transcript of the hearing on the motion for new trial is not included as part of the record. Appellate counsel informed this court that the transcript would not be needed.