A09A0554. LEWIS v. THE STATE.

(677 SE2d 723)

JOHNSON, Presiding Judge.

A jury found Taurus Lewis guilty of aggravated assault, false imprisonment, and possession of a firearm during the commission of a felony. He appeals from the convictions entered on the verdict and the denial of his motion for a new trial. On appeal, Lewis challenges the sufficiency of the evidence to support the verdict, the court's refusal to give a charge on pointing a firearm as a lesser offense of aggravated assault, and the court's determination that he received effective assistance of trial counsel. None of the assertions has merit, so we affirm the convictions.

1. Lewis contends the evidence was insufficient to find him guilty of aggravated assault. We disagree.

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] This Court does not weigh the evidence or judge the credibility of the witnesses but only determines whether a rational trier of fact could have found the defendant guilty of the charged offense beyond a reasonable doubt.[2] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve.[3] So long as there is some competent evidence, even though contradicted, to support each element of the state's case, the jury's verdict will be upheld.[4]

Viewed in a light most favorable to the verdict, the evidence

[1] *Lemming v. State*, 272 Ga. App. 122, 122-123 (1) (612 SE2d 495) (2005).
[2] *Holsey v. State*, 291 Ga. App. 216 (1) (661 SE2d 621) (2008).
[3] *Lemming*, supra at 123 (1).
[4] Id.

shows that Lewis and the victim had been involved romantically for a while, but then began a platonic relationship. At approximately 2:30 one morning, Lewis telephoned the victim and said he needed to come to her home to talk. The victim consented and, when Lewis arrived, he indicated that he wanted to become physically involved with her. When the victim asked Lewis to leave he pulled out a gun and pointed it at her. Lewis refused to leave, and stated that they were going to sit and talk. The victim was "extremely frightened."

Lewis directed the victim to go downstairs so they could continue "talking." She repeatedly asked him to leave. He continued wielding the gun, gesturing at her to sit down. Lewis eventually grew tired and, after about an hour and a half, left the home.

According to Lewis, the evidence supporting the aggravated assault conviction was insufficient because there was no evidence that the victim was in reasonable apprehension of receiving a violent injury. Specifically, he points to testimony that he only "gestured" with the gun, rather than holding it to or pointing it at her, and to the fact that the victim did not immediately report the incident to police. For the reasons discussed below, we find that the evidence was sufficient.

A person is guilty of assault if he commits an act that places another in reasonable apprehension of immediately receiving violent injury.[5] If a deadly weapon is used to place a person in fear of receiving a violent injury, the offense is elevated to aggravated assault.[6] A pistol is a deadly weapon.[7] Indeed, the presence of a gun would normally place a victim in reasonable apprehension of being injured violently.[8] Whether a victim has been placed in reasonable apprehension of injury is a question of fact.[9]

Lewis is correct that the victim testified that he never pointed the gun at her "face or . . . head." But the victim also testified that "he pointed it at me," and that "he never pointed the gun at my head, but he did point the gun at me." The jury in this case was authorized to find from the evidence that the victim was placed in reasonable apprehension of violent injury and that Lewis was therefore guilty of aggravated assault.[10]

2. Lewis contends the trial court erred in refusing to instruct the jury on the offense of pointing a firearm[11] as a lesser offense of

---

[5] *Willingham v. State*, 281 Ga. 577, 578 (642 SE2d 43) (2007).

[6] Id.

[7] Id.

[8] Id. at 579.

[9] *Lemming*, supra at 124 (1).

[10] See generally *Kirkland v. State*, 282 Ga. App. 331, 333 (1) (638 SE2d 784) (2006).

[11] OCGA § 16-11-102 provides, in relevant part, that a person is guilty of a misdemeanor

aggravated assault. There was no error.

Although pointing a firearm at another is an offense included in aggravated assault, it is not error to refuse a charge on it when the evidence does not reasonably raise the issue that the defendant may be guilty only of the lesser crime.[12] Here, Lewis testified that he "never placed a gun towards her, nowhere around her, pointed it at her never. That never happened." Thus, his testimony did not reasonably raise the issue that he was guilty of only the lesser offense.[13] Moreover, the evidence showed that Lewis used a gun to direct the victim to comply with his commands, and that she was frightened. This evidence showed that the greater crime was completed. The court did not err in declining to instruct the jury on the lesser offense.[14]

3. Lewis contends the trial court erred in ruling that he received effective assistance of trial counsel. Specifically, Lewis claims that his trial attorney did not review the case with him until the morning before jury selection began, did not provide him with copies of the state's discovery responses, did not review the victim's phone records, and did not interview the victim or the investigating police officer before trial.

To prevail on a claim of ineffective assistance of trial counsel, Lewis must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.[15] In making this showing, Lewis must rebut by clear and convincing evidence the strong presumption that his attorney was effective.[16] This Court accepts the trial court's factual findings and credibility determinations unless they are clearly erroneous.[17]

At the hearing on the motion for a new trial, Lewis' trial counsel testified that he had been trying cases for 16 years, including many criminal cases, and currently served as a judge in magistrate court. He testified that he received and reviewed a full discovery package from the state, including the investigating officer's report and the victim's telephone records, and that he gave copies of the discovery documents to Lewis months before trial. Counsel added that he

---

when he intentionally and without legal justification points or aims a gun or pistol at another.

[12] See *Stobbart v. State*, 272 Ga. 608, 612 (3) (533 SE2d 379) (2000).

[13] See id.

[14] See *Collis v. State*, 252 Ga. App. 659, 664 (8) (556 SE2d 221) (2001); *Dennis v. State*, 226 Ga. App. 390, 391 (1) (486 SE2d 656) (1997).

[15] See *Wafford v. State*, 283 Ga. App. 154, 155 (1) (640 SE2d 727) (2007).

[16] See *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005).

[17] Id.

reviewed the victim's statements, met with Lewis at least four or five times before trial, reviewed the evidence with him, attempted to reach the victim by phone several times before trial, discussed with Lewis potential witnesses, and worked with Lewis to formulate a trial strategy. The attorney saw no need to interview the police detective because he had obtained and reviewed the detective's detailed written report and he considered the witness to be only of secondary importance. We cannot say that trial counsel's failure to personally interview the detective or the victim before trial fell below an objective standard of reasonableness.[18] Nor has Lewis otherwise shown that counsel's performance was deficient or that the outcome of the trial would have been different absent counsel's alleged deficiencies.[19] Therefore, this enumeration is without merit.[20]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009 

*Lucas O. Harsh*, for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.

---

[18] See *Wafford*, supra at 156 (1) (c).
[19] See id.
[20] Id.