## A09A1886. MANAOIS v. THE STATE.
(684 SE2d 315)

MIKELL, Judge.

Romel Manaois was convicted of aggravated assault based on evidence that he shot Tyler Stewart. Manaois was sentenced to 20 years, to serve 15 in confinement. Manaois appeals the order denying his motion for new trial, arguing that the state committed a *Brady*[1] violation by failing to disclose information about a missing witness; that the trial court abused its discretion in denying his motion for mistrial; that the court erred in finding that his trial counsel rendered effective assistance; and the evidence was insufficient to support the verdict. Finding no merit in Manaois's claims, we affirm.

1. We first address Manaois's contention that the evidence is insufficient to support his conviction.

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. This Court does not weigh the evidence or judge the

---

[1] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

credibility of the witnesses but only determines whether a rational trier of fact could have found the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Viewed in a light most favorable to the verdict, the evidence shows that on September 30, 2007, Stewart, the victim, was working at La Fogata, a restaurant, when his friend "Nicole" came in with a swollen eye, crying. After determining that Manaois had ordered a third party to strike her, Stewart went outside and confronted Manaois, who was accompanied by two of "his boys." After Manaois and Stewart stopped arguing, Manaois said, "What's up now, partner?" and shot Stewart with an automatic weapon. Stewart, who had been sitting on a concrete wall, stood up and asked Manaois, "Why you shoot me, man?" Manaois pointed the gun at Stewart's head and cocked it. Stewart said, "You already shot me, what you trying to do now, kill me?" Manaois dropped the gun and took off running with his friends. According to Stewart, who was unarmed, Manaois put on gloves before the shooting. Stewart was in the hospital for a month afterward. He identified Manaois as the man who shot him.

Stewart testified that Steven Duckworth was present when he was shot. Duckworth testified that he witnessed the argument between Manaois and Stewart; that he saw Manaois put on gloves; and that he saw Manaois lift his shirt and display a gun. Duckworth testified that he did not want any trouble, so he walked away. He heard a gunshot and saw that Stewart had been shot.

Two investigators employed by the district attorney's office, Jolia Walker and Roger Lindsey, testified that Duckworth had told them that he saw Manaois pull out a gun and shoot Stewart.

Manaois contends that various conflicts in the witnesses' testimony render the evidence insufficient to enable a rational trier of fact to find him guilty. He essentially argues that the evidence at trial was not sufficiently credible to support his conviction.

However, on appeal, the function of [the appellate court] is not to weigh the evidence or resolve conflicts in trial testimony; [the appellate court] is to examine the evidence in the light most favorable to the verdict and to determine whether it is legally sufficient to uphold a finding of the defendant's guilt.[3]

In the case at bar, the evidence recounted above supports Manaois's

---

[2] (Footnotes omitted.) *Lewis v. State*, 297 Ga. App. 517 (1) (677 SE2d 723) (2009).

[3] (Citation and punctuation omitted.) *Willingham v. State*, 281 Ga. 577, 578 (642 SE2d 43) (2007). Accord *Lewis*, supra.

conviction of aggravated assault beyond a reasonable doubt.[4]

2. Manaois contends that the state committed a *Brady* violation by failing to disclose information prior to trial about Stewart's friend, "Nicole." In this regard, Lindsey testified at trial that during the course of his investigation of the shooting, he identified this potential witness's last name through jail records but was never able to locate her. After Lindsey testified, Manaois moved for a mistrial on the grounds that the prosecutor had not disclosed this witness's last name, last known address, or other identifying information. The trial court denied the motion. Subsequently, Manaois raised this issue in his amended motion for new trial. "Nicole" still had not been located when the hearing was held on the motion. Trial counsel testified at the hearing that she did not want "Nicole" to testify at trial because she assumed that her testimony would be helpful to the state. However, counsel testified that her trial strategy was that Stewart was lying about "Nicole," as he had given conflicting descriptions of her, so that counsel would have changed her strategy had she been provided with the information confirming "Nicole's" existence.

*Brady* "requires the prosecutor to disclose all evidence favorable to the defendant that is material to the defendant's guilt or punishment. The rule applies to exculpatory materials known to the prosecutor or only to police investigators."[5] In order to demonstrate a *Brady* violation, "appellant must prove that . . . the state possessed evidence *favorable* to the defense, i.e., true *Brady* material."[6] Here, Manaois made no showing that the existence of the potential witness was exculpatory rather than inculpatory; therefore, the information that the investigator possessed was not true *Brady* material. It follows that the trial court did not err in denying Manaois's motion for new trial on this basis.

3. Manaois next asserts that the trial court erred in denying his motion for mistrial following Lindsey's testimony. Manaois opted into reciprocal discovery,[7] and he argues that the state violated OCGA § 17-16-8 (a) by failing to disclose identifying information concerning "Nicole." That Code section requires the prosecutor and the defendant's attorney to disclose, inter alia, the identities and addresses of all persons they intend to call as witnesses at trial.[8] The state did not violate this Code section, however, as the state could not

---

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] (Footnotes omitted.) *Henley v. State*, 285 Ga. 500, 506 (4) (678 SE2d 884) (2009).

[6] (Citations omitted; emphasis in original.) *Bailey v. State*, 229 Ga. App. 869, 874 (3) (494 SE2d 672) (1997).

[7] See OCGA § 17-16-1 et seq.

[8] See *Downs v. State*, 257 Ga. App. 696, 699 (3) (572 SE2d 54) (2002).

find "Nicole" and did not call her as a witness at trial. Accordingly, the trial court did not err in denying Manaois's motion for mistrial.[9]

4. Manaois contends that his trial counsel was ineffective in failing to move for a continuance to search for "Nicole."

> To prevail on a claim. of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.[10]

"In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo."[11] Trial counsel testified at the new trial hearing that she did not move for a continuance because she did not believe it would have been granted and was unsure "what that would have accomplished at that point." As noted above in Division 2, trial counsel testified that her trial strategy did not include summoning "Nicole" to testify at trial because her testimony would likely have been unfavorable. "As a general rule, matters of reasonable tactics and strategy . . . do not amount to ineffective assistance of counsel."[12] Counsel's decision not to seek a continuance was reasonable under the circumstances, and the trial court did not err in denying Manaois's claim of ineffective assistance of trial counsel.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 22, 2009.

*Brown & Gill, Angela B. Dillon*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Well-*

---

[9] Compare *Acey v. State*, 281 Ga. App. 197, 199-200 (2) (635 SE2d 814) (2006) (trial court did not abuse its discretion in excluding testimony of defense witnesses where defense knew of witnesses prior to trial and intended to call them to testify but did not disclose them to the state until trial).

[10] (Citations omitted.) *Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002).

[11] (Citation and punctuation omitted.) *Green v. State*, 281 Ga. 322, 325 (2) (638 SE2d 288) (2006).

[12] (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

*born, Assistant District Attorney*, for appellee.