## A10A0279. WOOD v. THE STATE.
(695 SE2d 391)

SMITH, Presiding Judge.

A jury found Janice Renee Wood guilty of entering an automobile with the intent to commit a theft in violation of OCGA § 16-8-18. Following the denial of her amended motion for new trial, Wood appeals, asserting that the evidence was insufficient to sustain her conviction and that the trial court erred in allowing the admission of certain hearsay evidence. Wood also contends that she received ineffective assistance of trial counsel. For the following reasons, we affirm.

Construed in favor of the verdict, the evidence showed that the victim was at his home one night in bed when he heard a noise. The victim looked outside and noticed that the toolbox and cordless drill he had sitting on the porch were missing. The victim went to his bedroom to put on a pair of pants when he heard a noise outside his bedroom window. He picked up his cell phone and a pellet pistol and walked out of his front door and around the side of his home. As the victim rounded the corner, he observed someone stepping out of the back of his van. The victim told the person to get on the ground, but instead the person attempted to run down the driveway. The victim testified that he grabbed and tackled the individual and "then they started saying, I'm pregnant, you're going to kill my baby. And I realized then that it was a female." The victim identified Wood at trial as the person he saw in the back of his van. The police officer who arrived on the scene found Wood being physically restrained by the victim in front of the driveway. He noticed that the van's doors were ajar and that a drill, some tools and some all weather boots were sitting on a retaining wall next to the van.

1. OCGA § 16-8-18 provides: "If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony." Construing the above evidence as we must in the light most favorable to the verdict under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we conclude that it was sufficient to sustain Wood's conviction for entering an automobile with the intent to commit a theft. See *Williams v. State*, 273 Ga. App. 213, 215 (1) (614 SE2d 834) (2005).

2. Wood contends that the trial court erred in allowing the hearsay testimony of the officer. When asked if Wood made any statements on the scene, the officer responded, "I don't recall anything she said. I talked to the gentleman about what had happened. She stated that she was there because she was wanted there." The officer went on to explain that the victim told him Wood "implied that she had been invited." But by not making a hearsay

objection at the time the testimony was introduced, Wood has waived this issue for purposes of appeal.[1] See *Devega v. State*, 286 Ga. 448, 449 (3) (689 SE2d 293) (2010).

3. Wood argues that she received ineffective assistance of counsel. She contends that counsel was ineffective for failing to object to the hearsay testimony of the officer and bringing to the jury's attention a prior burglary. She also complains that her trial counsel's excessive caseload had a "devastating effect" on her representation.

To prevail on an ineffective assistance claim, Wood must establish, pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984),

> that counsel's performance was deficient and that the deficient performance was prejudicial to [her] defense. Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo.

(Citations and footnotes omitted.) *Bruce v. State*, 268 Ga. App. 677, 679 (603 SE2d 33) (2004). "If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." (Citations and punctuation omitted.) *Vaughn v. State*, 301 Ga. App. 55, 60 (5) (686 SE2d 847) (2009).

(a) With regard to the hearsay statement made by the officer, Wood makes no argument as to how the outcome of the trial would have been different were it not for the statement that she had been invited to the victim's home. See *Wright v. State*, 294 Ga. App. 20, 22 (4) (a) (668 SE2d 505) (2008). She has therefore failed to satisfy the second prong of the test for ineffective assistance of counsel. Id.

(b) Wood's complaint concerning trial counsel's mention of a prior burglary at the victim's home is also without merit. At the hearing on the motion for new trial, trial counsel stated that her decision to mention the prior burglary was a part of her trial strategy at Wood's insistence. Counsel stated that

> Ms. Wood insisted from the beginning that she had told the police the story that she told me, that she needed some-

---

[1] Wood's objection stated only "Your Honor, I object. I'd like to make a motion outside the jury. I don't know if you want to present this later." When the issue was discussed following the witness's testimony, the trial court noted that the defense failed to make a hearsay objection.

where to pee. She was in the yard. She had been drinking. And that whenever he came out, he and the police started talking about the prior burglary. And she felt very strongly that that's why he was so insistent that that's what she was doing with that. Because of those prior incidences he couldn't understand that she was just in his yard to pee.

Counsel testified that she believed it was a good trial strategy to show that the victim overreacted to Wood being on his property because he had been burglarized before. "[S]trategic decisions regarding defense theories, which witnesses to call, and extent of cross-examination are within the exclusive province of the attorney after consultation with the client and generally do not amount to ineffective assistance." (Citation, punctuation and footnote omitted.) *Christian v. State*, 297 Ga. App. 596, 599 (2) (a) (677 SE2d 767) (2009). Therefore, trial counsel's decision concerning the prior burglary does not constitute ineffective assistance. See id.; see also *Manaois v. State*, 300 Ga. App. 176, 179 (4) (684 SE2d 315) (2009) (matters of reasonable trial tactics and strategy do not amount to ineffective assistance of counsel).

(c) Wood argues that her counsel's excessive caseload resulted in poor representation. She argues that trial counsel had a negative attitude, mistreated her, and did not care about her case. She states further that counsel attempted to bully her into taking a plea and never explored "whether to offer medical evidence of [her] bladder problems." Trial counsel testified that she spent a total of approximately 14 hours on Wood's case including the time for trial preparation. She admitted that she and Wood did not always agree on how the case should be handled and that Wood did not want to take her advice to take a plea and "really wanted a trial from the beginning." But counsel also testified that Wood had input on the trial strategy and that she and Wood discussed Wood's surgeries for her bladder.

"There is no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel." (Citations and punctuation omitted.) *Daniels v. State*, 296 Ga. App. 795, 799 (5) (a) (676 SE2d 13) (2009). And "[e]ffectiveness is not judged by hindsight or by the result." (Citations and punctuation omitted.) Id. at 800 (5) (a). Moreover, "[a] meaningful relationship between a defendant and his counsel is not a Sixth Amendment guarantee." (Citations, punctuation and footnote omitted.) *Taylor v. State*, 298 Ga. App. 145, 148 (2) (d) (679 SE2d 371) (2009).

Under the circumstances here, Wood's claim fails because she has not shown that there is a reasonable probability that the jury would have had a reasonable doubt respecting her guilt if trial counsel had had more time to devote to her case. See *Harvey v. State*,

284 Ga. 8, 11 (4) (b) (660 SE2d 528) (2008); *Lupoe v. State*, 284 Ga. 576, 579 (3) (c) (669 SE2d 133) (2008). We therefore cannot say that the trial court erred in rejecting Wood's ineffectiveness claim.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 12, 2010.

*L. Elizabeth Lane*, for appellant.

*Howard Z. Simms, District Attorney, Sharell F. Lewis, Assistant District Attorney*, for appellee.